UNITED STATES of America,
Plaintiff–Appellee,

v.

Martha G. CRAWFORD,
Defendant–Appellant.

No. 88–3993
Non–Argument Calendar.

United States Court of Appeals,
Eleventh Circuit.

Sept. 15, 1989.

Ronald W. Johnson, Kinsey, Troxel, Johnson & Walborsky, Pensacola, Fla., for defendant-appellant.

Stephen P. Preisser, Asst. U.S. Atty., Pensacola, Fla., for plaintiff-appellee.

Before TJOFLAT, FAY and KRAVITCH, Circuit Judges.

TJOFLAT, Circuit Judge:

The appellant, her husband, and two others were indicted for conspiracy to distribute cocaine, *see* 21 U.S.C. § 846 (1982), and possession of cocaine with intent to distribute, *see id.* § 841(a)(1). Pursuant to a plea agreement, appellant pled guilty to simple possession of cocaine in violation of 21 U.S.C. § 844(a) (1982), which, under the circumstances of this case, carries a maximum penalty of imprisonment for one year, a fine of at least $1000, or both.

Under the United States Sentencing Commission's guidelines, which apply here, appellant's offense—simple possession of cocaine—has a base offense level of 6. *See* Sentencing Guidelines § 2D2.1(a)(2) (Jan. 15, 1988). Because appellant accepted responsibility for her crime, the district court reduced appellant's offense level by 2. *See id.* § 3E1.1. Thus, appellant's total offense level was 4. An evaluation of appellant's criminal history produced a criminal history category of I. For such offenders, the guidelines prescribe a sentencing range of 0–4 months incarceration. *See id.* Ch. 5, Part A. Because of the amount of cocaine in the appellant's possession and appellant's role in her offense, the district court departed from this range and sentenced appellant to prison for eleven months, to be followed by a one-year term of supervised release, and fined her $2525. Appellant now appeals her sentence, contending that the guidelines foreclosed the district court's reasons for departing from the guidelines range. We find that the court proceeded properly and accordingly affirm.

## I.

The Sentencing Reform Act, Pub.L. No. 98–473, § 211, 98 Stat.1987 (codified, as amended, in scattered sections of 18 and 28 U.S.C.), authorizes the sentencing court to depart from the guideline sentencing range if "the court finds that there exists an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Com-

mission in formulating the guidelines," and the court believes that the circumstance "should result in a sentence different from that [prescribed by the guidelines]." 18 U.S.C.A. § 3553(b) (West Supp.1989). In deciding to depart from the guidelines, the district court concluded that the sentencing guidelines did not adequately take into account two circumstances of appellant's offense. We consider those circumstances in turn.

### A.

■ The district court concluded that the amount of cocaine involved in appellant's offense—228 grams—warranted an upward departure from the guidelines sentencing range. Appellant contends that the district court erred in considering the amount of narcotics as a basis for a departure. Specifically, appellant notes that in fashioning guidelines for other narcotics offenses, the Commission explicitly considered the quantity of the drugs involved. *See, e.g.,* Sentencing Guidelines § 2D1.1 (Oct. 1987). In fashioning the guideline for simple possession of narcotics, however, the Commission made no reference to quantity. Appellant therefore argues that the Commission intended that the sentencing judge should not consider the quantity of the drugs involved.

The Court of Appeals for the Third Circuit recently addressed this issue in *United States v. Ryan,* 866 F.2d 604 (3d Cir.1989). In arriving at its decision, the court stated as follows:

At various points throughout the sentencing guidelines, the drafters provided direction as to when departure from the guidelines is warranted. In chapter one, Part A, 4(b) of the guidelines, the Commission noted that although, in principle, it could have prevented a court from using a particular factor as grounds for departure by specifying that the Commission had adequately considered it, it had declined to do so. The Commission explained that it intended sentencing courts to treat the initial set of guidelines "as carving out a 'heartland,' a set of typical cases embodying the conduct that each

guideline describes. When a court finds an atypical case, one to which a particular guideline linguistically applies but where conduct significantly differs from the norm, the court may consider whether a departure is warranted." It continued that with a few specific exceptions, "the Commission does not intend to limit the kinds of factors (whether or not mentioned anywhere else in the guidelines) that could constitute grounds for departure in an unusual case."

The Commission went on to explain:

The Commission has adopted this departure policy for two basic reasons. First is the difficulty of foreseeing and capturing a single set of guidelines that encompasses the vast range of human conduct relevant to a sentencing decision. The Commission also recognizes that in the initial set of guidelines it need not do so. The Commission is a permanent body, empowered by law to write and rewrite guidelines, with progressive changes, over many years. By monitoring when courts depart from the guidelines and by analyzing their stated reasons for doing so, the Commission, over time, will be able to create more accurate guidelines that specify precisely where departures should and should not be permitted.

Second, the Commission believes that despite the court's legal freedom to depart from the guidelines, they will not do so very often. This is because the guidelines, offense by offense, seek to take account of those factors that the Commission's sentencing data indicate make significant difference in sentencing at the present time....

The Commission then discussed three potential kinds of departure. The third kind of departure, the type involved here, is "unguided" departure. The Commission stated that unguided departure

may rest upon grounds referred to in Chapter 5, Part H [none of which are applicable here] or on grounds not mentioned in the guidelines.... The Commission recognizes that there may be cases ... in which a departure out-

side suggested levels is warranted. In its view, however, such cases will be highly unusual.

Further guidance is provided in the policy statement in § 5K2.0 of the guidelines, entitled "Grounds for Departure," which provides in part:

Circumstances that may warrant departure from the guidelines pursuant to [18 U.S.C.A. § 3553(b)] cannot, by their very nature, be comprehensively listed and analyzed in advance. The controlling decision as to whether and to what extent departure is warranted can only be made by the court at the time of sentencing.... Any case may involve factors in addition to those identified that have not been given adequate consideration by the Commission. Presence of any such factor may warrant departure from the guidelines, under some circumstances, in the discretion of the sentencing judge. Similarly, the court may depart from the guidelines, even though the reason for departure is listed elsewhere in the guidelines (e.g., as an adjustment or specific offense characteristic), if the court determines that, in light of unusual circumstances, the guideline level attached to that factor is inadequate.

... [A] factor may be listed as a specific offense characteristic under one guideline but not under all guidelines. Simply because it was not listed does not mean that there may not be circumstances when that factor would be relevant to sentencing.

To the extent that Ryan argues that the Commission's express references to quantity and purity of drugs in the context of other drug-related offenses indicate an intent to exclude these factors from consideration in sentencing for simple possession, the foregoing language from the guidelines suggests the contrary. Not only did the Commission indicate that a factor listed under one guideline may be relevant to sentencing under a different guideline making no reference to such factor, but it expressly stated that its failure to specifically reject various factors was designed to *permit*

departure, not, as Ryan proposes, to foreclose it.

*Id.* at 606–08 (footnotes omitted); *accord United States v. Correa–Vargas*, 860 F.2d 35 (2d Cir.1988). We agree with the Third Circuit's analysis; accordingly, we conclude that the district court did not err in considering the amount of narcotics possessed by appellant in deciding whether to depart from the guideline sentencing range.

### B.

■ The district court also considered appellant's role in her offense in determining that a departure was warranted. Appellant notes that the guidelines specifically consider a defendant's role in the offense in assessing the appropriate guideline range. *See* Sentencing Guidelines § 3B1.1 (aggravating role); *id.* § 3B1.2 (mitigating role). Appellant therefore argues that because the evidence was insufficient in her case to support a finding that she played an "aggravating role" in her offense, the guidelines precluded the district court from considering her role in deciding whether to depart from the guideline sentencing range.

We do not believe that a sentencing judge is precluded from considering a defendant's role in the offense merely because her action did not rise to the level of an aggravating role, as defined by guideline 3B1.1. As the Fifth Circuit observed in *United States v. Mejia–Orosco*, 867 F.2d 216 (5th Cir.1989), *cert. denied,* —— U.S. ——, 109 S.Ct. 3257, 106 L.Ed.2d 602 (1989):

> Sentencing under the guidelines is not ... an exact science. Justice cannot be meted out according to mathematic formulas. The universe of potential factors that might affect the seriousness of the given offense is too broad to be refined to a mechanistic approach. The sentencing guidelines are not intended to cover all contingencies or rigidly bind district judges. The guidelines do not impose the sentence, they provide a framework for the district court to provide a sentence.

*Id.* 867 F.2d at 219.

Having concluded that the guidelines did not preclude the district court from considering whether to depart from the prescribed sentence range because of the amount of drugs involved in appellant's offense, we think that it follows that the court could consider appellant's role in the offense. The two factors were intertwined: the amount of drugs appellant and her accomplices possessed and the nature and extent of her involvement in the unlawful undertaking, considered together, demonstrated the seriousness of her offense. One who plays a minor role in the possession of 228 grams is obviously not as culpable as one who plays a more significant part in the same possession. In sum, the seriousness of appellant's offense was demonstrated by the amount of the cocaine involved *and* her role in the matter.

### II.

■ We must now determine whether the departure from the sentence range was "reasonable." 18 U.S.C.A. § 3742(f)(2) (West Supp.1989). We find nothing in the record indicating that the departure was unreasonable; in fact, we believe that the sentence was fair and just. The judgment of the district court is therefore AFFIRMED.