**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Narrciso CARRILLO, Defendant–Appellant.**

**No. 89–5297**
**Non–Argument Calendar.**

United States Court of Appeals, Eleventh Circuit.

Nov. 14, 1989.

Leonard A. Sands, Sands & Moskowitz, P.A., Coconut Grove, Fla., for defendant-appellant.

Dexter Lehtinen, U.S. Atty., Linda Collins–Hertz, Sonia Escobio O'Donnell, and Carol E. Herman, Miami, Fla., for plaintiff-appellee.

Before KRAVITCH, HATCHETT and EDMONDSON, Circuit Judges.

PER CURIAM:

The sole issue presented in this appeal is whether in applying the sentencing guidelines the district court erred in finding that Carrillo was a "supervisor" or "organizer." Because we conclude that the finding was not clearly erroneous, we affirm.

Carrillo pled guilty to one count of possessing 80 kilograms of cocaine. The presentence report ("PSI") computed Carrillo's

---

118

initial base offense level as 36, reduced it by two points in recognition of his acceptance of responsibility, but increased it by two points because of his role as a "supervisor" or "organizer."

In reviewing a sentence imposed under the guidelines, the factual findings of the sentencing court are entitled to great deference and must be accepted unless clearly erroneous. *United States v. Spraggins*, 868 F.2d 1541, 1543 (11th Cir. 1989); *see also United States v. Wilson*, 884 F.2d 1355, 1356–57 (11th Cir.1989). In examining the sentencing court's determination that a defendant was a "minor" or "minimal" participant, we have used the clearly erroneous standard. *United States v. Erves*, 880 F.2d 376, 380–81 (11th Cir. 1989); *see also United States v. Davis*, 878 F.2d 1299, 1300 (11th Cir.1989). Similarly, in reviewing a finding that the defendant was an "organizer" or "supervisor" under Guideline § 3B1.1(c), the factual conclusion of the sentencing court should be reversed only if clearly erroneous. *See United States v. Wright*, 873 F.2d 437, 444 (1st Cir.1989); *United States v. Mejia–Orosco*, 867 F.2d 216 (5th Cir.1989).

Carrillo argues that the findings *were* clearly erroneous, that he was a fisherman with a fourth grade education, a warehouseman who was himself a subordinate of others, a "supervisor" only "over other similar low level employees in a narcotics distribution ring." That there were bigger fish in the larger scheme does not, however, absolve Carrillo of the supervisory role he played in managing the "stash house." There was sufficient evidence regarding Carrillo's management of the stash house, receipt of cocaine, and distribution of various allotments of cocaine to others to support a finding that he was an "organizer" or "supervisor." Accordingly, we AFFIRM.