**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Pasha ALAMIN a/k/a Roy Garner,
Booker Theodore Wellington, Jr.,
Defendants–Appellants.**

**No. 88–3919.**

United States Court of Appeals,
Eleventh Circuit.

March 8, 1990.

---

Thomas W. Turner, P.A., Orlando, Fla., for defendant-appellant Wellington.

Robert A. Leventhal, Leventhal & Slaughter, P.A., Orlando, Fla., for defendant-appellant Alamin.

Ronald W. Hayward and H. Manuel Hernandez, Asst. U.S. Attys., Orlando, Fla., for plaintiff-appellee.

Before TJOFLAT, Chief Judge, EDMONDSON, Circuit Judge, and HILL, Senior Circuit Judge.

TJOFLAT, Chief Judge:

In this appeal, we are asked to vacate appellant Pasha Alamin's sentence and appellant Booker T. Wellington Jr.'s conviction. We decline both invitations. We note at the outset that since appellants' offenses occurred after November 1, 1987, their sentences are governed by The Sentencing Reform Act of 1984, 18 U.S.C. § 3551 *et seq.* (1988), and the guidelines promulgated thereunder.

Alamin pled guilty pursuant to a plea agreement to one count of conspiring to possess marijuana with intent to distribute it in violation of 21 U.S.C. § 846 (1988) and three counts of criminal forfeiture under 21 U.S.C. § 853(a)(2) (1988). As part of the plea agreement, Alamin also agreed to testify at the trial of his alleged co-conspirator, Wellington. The Government "reserve[d] its right of allocution, that is, to make known ... to the Court all relevant facts, and to make whatever recommendation regarding the disposition of this case which it deems appropriate," but agreed to "make known to the Court [at sentencing] ... the nature and extent of [Alamin's] cooperation."

Alamin did testify at Wellington's trial, and Wellington was convicted of (1) conspiring to possess marijuana with intent to distribute it in violation of 21 U.S.C. § 846, and (2) possessing marijuana with intent to distribute it in violation of 21 U.S.C. § 841(a)(1). The district court, proceeding under the Sentencing Guidelines, sentenced Wellington under the first count to fifty-two months of imprisonment with four years of supervised release. For his conviction on the second count, Wellington received a sentence of five years of imprisonment with four years of supervised release and was fined $1000. The court determined that the sentences should run concurrently.

## I.

Wellington now appeals his conviction on several grounds,[1] none of which deserves our attention. We therefore affirm Wellington's conviction pursuant to 11th Cir.R. 36–1.

---

1. Wellington argues on appeal (1) that there was insufficient evidence to support his convictions, (2) that the district court improperly admitted evidence of other criminal conduct, (3) that the court erred in refusing to grant his motions for a mistrial, and (4) that the court erred in refusing to dismiss the indictment because of false or misleading testimony presented to the grand jury by a Drug Enforcement Administration agent.

## II.

Despite Alamin's testimony, the Government did not move the district court to consider Alamin's assistance and to depart downward from the sentencing guidelines in imposing a sentence on Alamin. *See* 18 U.S.C. § 3553(e) (1988); *see also* Sentencing Guidelines § 5K1.1 (1990). At the sentencing hearing, Alamin objected to the Government's failure to move for a substantial-assistance departure, but the Government responded that Alamin's testimony at Wellington's trial was not as "forthright and complete" as it should have been.[2] The district court then imposed a sentence of seventy months of imprisonment with four years of supervised release and fined Alamin $10,000. The court noted that this sentence fell in the middle of the range authorized by the sentencing guidelines.

Alamin appeals his sentence, claiming that, notwithstanding the Government's refusal to file a substantial-assistance motion, the district court should have determined on its own initiative whether Alamin rendered substantial assistance and should have imposed a sentence accordingly. Alamin therefore requests a new hearing on the issue of substantial assistance along with a new sentence. We think Alamin's arguments are ill-founded.

■ To the extent that Alamin seeks a judicial determination of substantial assistance in order to authorize a downward departure from the guidelines on resentencing, Alamin ignores the plain language of section 3553(e) and Sentencing Guidelines § 5K1.1. Section 3553(e) states that, "*[u]pon motion of the Government*, the Court shall have the authority to impose a sentence below a level established by statute as minimum sentence so as to reflect a defendant's substantial assistance in the ... prosecution of another person." (Emphasis added.) Sentencing Guidelines § 5K1.1 similarly provides that, "*[u]pon*

*motion of the government* stating that the defendant has made a good faith effort to provide substantial assistance ..., the court may depart from the guidelines." (Emphasis added.) As these provisions make clear, without a motion by the Government requesting a departure, the district court may not depart from the guidelines on the ground of substantial assistance. *See United States v. Huerta,* 878 F.2d 89, 91 (2d Cir.1989), *cert. denied,* —— U.S. ——, 110 S.Ct. 845, 107 L.Ed.2d 839 (1990).

Admittedly, Sentencing Guidelines § 1B1.4 (1990) allows a court, when deciding whether to depart from the guidelines, to consider "any information concerning the ... conduct of the defendant, unless otherwise prohibited by law." We think, however, that basing a downward departure on substantial assistance, in the absence of a government motion, *is* otherwise prohibited by law—i.e., by section 3553(e). Thus, if Alamin intends to request a downward departure from the guidelines, a new hearing on the issue of substantial assistance will do him no good.

■ To the extent that Alamin merely complains of the district court's decision to impose a heavier, rather than lighter, sentence *within* the guidelines, Alamin has no valid claim on appeal. Under the Sentencing Reform Act of 1984, a defendant may appeal his sentence only if it was imposed (1) in violation of the law, (2) as a result of a misapplication of the guidelines, (3) as an upward departure from the guidelines, or (4) for an offense for which there is no guideline and the sentence is plainly unreasonable.[3] 18 U.S.C. § 3742(a) (1988). Alamin apparently claims that his sentence resulted from a misapplication of the guidelines. We find no such misapplication, however.

---

**2.** Nothing in the plea agreement required the Government to make a substantial-assistance motion; in fact, the agreement granted virtually absolute discretion to the Government in making a recommendation of disposition.

**3.** This court has held that section 3742 does not regulate the jurisdiction of the courts of appeals; rather, it merely defines what claims an appellant may advance on appeal. *See United States v. Fossett,* 881 F.2d 976, 979 (11th Cir.1989).

Sentencing Guidelines § 1B1.4 (1990) allows a court, when determining what sentence to impose within the guidelines' range, to consider "any information concerning the ... conduct of the defendant, unless otherwise prohibited by law." The record indicates, however, that the district court understood that it could consider the assistance Alamin rendered to the Government and that the court did in fact consider that assistance. After hearing Alamin's objection to the Government's failure to file a substantial-assistance motion, the court stated that it had "already determined that Mr. Alamin will get the two point reduction for showing remorse, and it [i.e., assistance] really goes to that [i.e., remorse]." That the court grouped its consideration of Alamin's assistance together with its consideration of Alamin's remorse does not matter. What matters is that the court properly understood its authority under Sentencing Guidelines § 1B1.4 and acted in accordance with that authority.

In sum, we find no basis upon which Alamin can complain about the sentence he received.

### III.

For the foregoing reasons, we affirm the district court's judgment with respect to both defendants.

AFFIRMED.