UNITED STATES of America,
Plaintiff–Appellee,
Cross–Appellant,

v.

Anthony CHOTAS,
Defendant–Appellant,
Cross–Appellee.

No. 89–8427

Non–Argument Calendar.

United States Court of Appeals,
Eleventh Circuit.

Oct. 2, 1990.

Rise Weathersby, Federal Defender Program, Inc., Atlanta, Ga., for defendant-appellant, cross-appellee.

Amy D. Levin, Atlanta, Ga., for plaintiff-appellee, cross-appellant.

Before CLARK and COX, Circuit Judges, and TUTTLE, Senior Circuit Judge.

PER CURIAM:

Appellant Anthony Chotas was indicted on one count of conspiracy to possess with the intent to distribute cocaine in violation of 21 U.S.C.A. § 846 and one count of aiding and abetting the possession with intent to distribute cocaine in violation of 21 U.S.C.A. § 841(a)(1) and 18 U.S.C.A. § 2. He was convicted on both counts after a jury trial. At Chotas' sentencing hearing, the district court determined that the applicable offense level under the Sentencing Guidelines was a level 22, thus exposing Chotas to 41 to 51 months of imprisonment. Despite the absence of a motion from the government—indeed, over the government's objections—the district court further determined that Chotas was entitled to a downward departure from this guideline range pursuant to Sentencing Guidelines § 5K1.1 policy statement (Oct. 1987) (hereinafter § 5K1.1) because of his substantial

assistance to the government in the prosecution of his co-defendant. Chotas appeals on the ground that the evidence presented at trial was insufficient to support his conviction. The government cross-appeals, arguing that the district court misapplied the sentencing guidelines in departing downward under § 5K1.1 in the absence of a motion by the government advocating such a departure. Alternatively, the government argues that even if the district court did not misapply the guidelines in departing downward under § 5K1.1, such downward departure was not warranted by the facts of this case.

## A. Sufficiency of the Evidence

■ Chotas argues that there was insufficient evidence to sustain his conviction for conspiracy and for aiding and abetting the possession with intent to distribute cocaine. In reviewing a jury verdict that is challenged as insufficiently supported by the evidence, we view the evidence in the light most favorable to the government. *See Glasser v. United States*, 315 U.S. 60, 80, 62 S.Ct. 457, 469, 86 L.Ed. 680 (1942); *United States v. Miller*, 693 F.2d 1051, 1053 (11th Cir.1982). The verdict will be upheld if "a reasonable trier of fact could find the evidence establishes guilt beyond a reasonable doubt." *United States v. Bell*, 678 F.2d 547, 549 (5th Cir. Unit B 1982) (*en banc*), *aff'd on other grounds*, 462 U.S. 356, 103 S.Ct. 2398, 76 L.Ed.2d 638 (1983). Having reviewed the record, and viewing the evidence in the light most favorable to the government, we conclude that a reasonable jury could find that the evidence established guilt beyond a reasonable doubt. Chotas' conviction is thus affirmed.

## B. Departure under § 5K1.1

Section 5K1.1 provides in relevant part: "*Upon motion of the government* stating that the defendant has made a good faith effort to provide substantial assistance in the investigation or prosecution of another person who has committed an offense, the court may depart from the guidelines." § 5K1.1 (emphasis added).[1] This case presents an issue recently decided by this court in *United States v. Alamin*, 895 F.2d 1335 (11th Cir.1990): is a governmental motion advocating departure from the applicable guideline range a prerequisite for departure under § 5K1.1? *Alamin* answered this question in the affirmative. "[W]ithout a motion by the government requesting a departure, the district court may not depart from the guidelines on the ground of substantial assistance." *Id.* at 1337.

Chotas presents arguments contrary to the holding in *Alamin*. These arguments will be discussed briefly. Chotas primarily argues that § 5K1.1 is a policy statement only, which should be considered by the sentencing court, but which is not binding upon the sentencing court. Citing the Seventh Circuit's recent decision in *United States v. Franz*, 886 F.2d 973 (7th Cir. 1989), Chotas also argues that we lack jurisdiction to determine whether his sentence is inconsistent with this policy statement.

■ We initially address Chotas' argument that we lack jurisdiction to review this case. As we recently established in *United States v. Fossett*, 881 F.2d 976 (11th Cir.1989), our jurisdiction to review the sentence imposed by the district court derives from 28 U.S.C. § 1291 (1982).[2] The Sentencing Reform Act of 1984, Pub.L. No. 98-473, § 211, 98 Stat. 1987 (codified, as

---

1. Effective November 1, 1989, this provision of § 5K1.1 was amended to provide the following: "Upon motion of the government stating that the defendant has provided substantial assistance in the investigation or prosecution of another person who has committed an offense, the court may depart from the guidelines." Because a defendant is sentenced in accordance with the policy statements in effect at the date of sentencing, 18 U.S.C.A. § 3553(a)(5) (1985 & West Supp.1989), this amended version of § 5K1.1 is inapplicable to this case.

2. 28 U.S.C. § 1291 provides in pertinent part as follows:

The courts of appeals ... shall have jurisdiction of appeals from all final decisions of the district courts of the United States, the United States District Court for the District of the Canal Zone, the District Court of Guam, and the District Court of the Virgin Islands, except where a direct review may be had in the Supreme Court.

amended, in scattered sections of 18 and 28 U.S.C.A.) ("Sentencing Reform Act") does not alter this proposition. *Fossett,* 881 F.2d at 979. Rather, section 213 of the Sentencing Reform Act (codified, as amended at 18 U.S.C.A. § 3742 (West 1985 & Supp.1989) (hereinafter § 3742),[3] which discusses appellate review of a sentence, "defines the claims that the court of appeals may hear in reviewing an appeal." *Fossett,* 881 F.2d at 979. We further established in *Fossett* that this provision of the Sentencing Reform Act does not allow a defendant to challenge on appeal a refusal by the district court to make a downward departure from the guideline range. However, a challenge not to the merits of a district court's refusal to depart but to the district court's decision that it lacked the statutory authority to depart from the sentencing guideline range presents a cognizable claim on appeal under § 3742(a)(1), (2). *Fossett,* 881 F.2d at 979. It logically follows from this latter proposition that a challenge to the district court's conclusion that it had the authority to depart when in fact it did not also presents a cognizable claim on appeal. *See also United States v. Scroggins,* 880 F.2d 1204, 1207 n. 5 (11th Cir.1989) (stating that a misinterpretation of the guidelines in fashioning the defendant's sentence constitutes an incorrect application of the guidelines under § 3742(a)(2)). Accordingly, the government's claim that the district court lacked the authority to depart under § 5K1.1 in the absence of a governmental motion presents a cognizable claim on appeal under § 3742(b)(2) as a misapplication of the sentencing guidelines.

Chotas relies on the Seventh Circuit's decision in *United States v. Franz,* 886 F.2d 973 (7th Cir.1989), in asserting that we lack jurisdiction to review his sentence. In *Franz,* the Seventh Circuit determined that it lacked the appellate jurisdiction to review a district court's refusal to depart downward from the applicable guideline range. While the Seventh Circuit thus reached the same result we reached in *Fossett*—that the defendant cannot review on appeal a district judge's refusal to make a downward departure from the guideline range—it disagreed with our reasoning. The court pronounced § 3742 a jurisdictional statute, establishing "those cases in which the defendant or the government is authorized to appeal." *Id.* at 981. It further determined that departure-related decisions could not be challenged as "misapplications of the sentencing guidelines" under § 3742(a)(2). As the *Franz* court noted, this latter determination also conflicts with our holding in *Fossett* that challenges to the sentencing court's refusal to depart when the sentencing court believed it lacked the statutory authority to depart could constitute a misapplication of the sentencing guidelines. We decline to undertake an in-depth analysis of our disagreement with the Seventh Circuit, particularly in view of the fact the present case is readily distinguishable from

3. § 3742 states in relevant part:

Review of a sentence

(a) Appeal by a defendant.—A defendant may file a notice of appeal in the district court for review of an otherwise final sentence if the sentence—

(1) was imposed in violation of law;

(2) was imposed as a result of an incorrect application of the sentencing guidelines; or

(3) is greater than the sentence specified in the applicable guideline range to the extent that the sentence includes a greater fine or term of imprisonment, probation, or supervised release than the maximum established in the guideline range, or includes a more limiting condition of probation or supervised release ... than the maximum established in the guideline range; or

(4) was imposed for an offense for which there is no sentencing guideline and is plainly unreasonable.

(b) Appeal by the Government.—The Government, with the personal approval of the Attorney General or Solicitor General, may file a notice of appeal in the district court for review of an otherwise final sentence if the sentence—

(1) was imposed in violation of law;

(2) was imposed as a result of an incorrect application of the sentencing guidelines; or

(3) is less than the sentence specified in the applicable guideline range to the extent that the sentence includes a lesser fine or term of imprisonment, probation, or supervised release than the minimum established in the guideline range, or includes a less limiting condition of probation or supervised release ... than the minimum established in the guideline range; or

(4) was imposed for an offense for which there is no sentencing guideline and is plainly unreasonable..

*Franz* in that it involves not a refusal to depart from the guidelines but the court's departure from the guidelines. Suffice it to say that our decision in *Fossett* remains the controlling law in this jurisdiction and in view of it, Chotas' argument that the *Franz* decision suggests we lack jurisdiction to review his sentence is without merit.

■ Having determined that we may properly review Chotas' sentence, we next note the applicable standard of review of this issue. This question of whether a district court may depart downward from the applicable guideline range under § 5K1.1 in the absence of a governmental motion is a pure question of law subject to our de novo review. *United States v. Scroggins*, 880 F.2d 1204, 1206 n. 5 (11th Cir.1989). Because we determine that the district court erred as a matter of law in departing downward under § 5K1.1 absent a governmental motion, we need not consider whether the district court's factual finding that Chotas provided substantial assistance in his co-defendant's prosecution is clearly erroneous. *See* § 3742(e).

We now turn to the merits of this issue. 18 U.S.C.A. § 3553(b) (West Supp.1989) sets forth the procedure for imposing a sentence below the guideline range. The district court is instructed to impose a sentence of the type and within the range of the guidelines "unless the court finds there exists an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the guidelines that should result in a sentence different from that described." *Id.* The Commission's guidelines, policy statements and official commentary are the only sources to be considered in determining whether the Commission took into account a certain circumstance. *Id.* Since section 3553(b) constitutes the statutory authority for departure from the guidelines on the basis of mitigating or aggravating circumstances, a district court's departure must be in accordance with this provision. If the Commission did not adequately consider a

certain circumstance, then the sentencing court may depart from the guideline based on that circumstance, citing section 3553(b) as its authority. Conversely, if the Commission *did* adequately consider a certain aggravating or mitigating circumstance, departure must be in accordance with the Commission's directive. *Cf. United States v. Justice*, 877 F.2d 664, 667 (8th Cir.1989) (holding that because the Commission has adequately considered the mitigating circumstance of a defendant's assistance in the prosecution of another, departure under section 3553(b) would be improper; departure for substantial assistance must be pursuant to § 5K1.1).

Section 5K1.1 indicates that the Commission did explicitly consider a defendant's cooperation in the prosecution of another a mitigating circumstance that may warrant departure from the applicable guideline range. *See United States v. Taylor*, 868 F.2d 125 (5th Cir.1989); *United States v. Justice*, 877 F.2d 664 (8th Cir.1989); *United States v. Donatiu*, 720 F.Supp. 619 (N.D.Ill.1989). Since the Commission did consider this circumstance, even if in "only" a policy statement, we hold that the district court must adhere to § 5K1.1—and thus its governmental motion prerequisite—in departing from the guideline range for this mitigating circumstance. *United States v. Alamin*, 895 F.2d 1335 (11th Cir. 1990); *see also Donatiu*, 720 F.Supp. at 624 (citing *Justice*, 877 F.2d at 666; *Taylor*, 868 F.2d at 128). This holding is in accordance with the statutory mandate of 18 U.S.C.A. § 3553(a)(5), which requires the district court to consider "any pertinent policy statement ... in effect on the date the defendant is sentenced" in imposing a sentence.

We find further support for this holding in several decisions of other circuits, which have upheld § 5K1.1 against various constitutional challenges.[4] In determining that § 5K1.1 implements the congressional directive of 28 U.S.C.A. § 994(n) (West Supp. 1989),[5] the Fifth Circuit has reasoned that

---

**4.** Chotas raises no constitutional challenges in this case.

**5.** 28 U.S.C.A. § 994(n) (West Supp.1989) states:

the motion requirement is "predicated on the reasonable assumption that the government is in the best position to supply the court with an accurate report of the extent and effectiveness of the defendant's assistance...." *United States v. White*, 869 F.2d 822, 829 (5th Cir.1989); *see also United States v. Grant*, 886 F.2d 1513 (8th Cir.1989); *United States v. Ayarza*, 874 F.2d 647 (9th Cir.1989). Similarly, this motion requirement has survived due process challenges, *see Grant*, 886 F.2d at 1513, challenges that it erodes the sentencing court's inherent power to consider all factors pertinent to sentencing, *see id.*, and separation of powers challenges. See *Ayarza*, 874 F.2d at 647. We note that the governmental motion prerequisite clause of § 5K1.1 tracks the statutory language of 18 U.S.C.A. § 3553(e) (West Supp.1989),[6] which Congress itself drafted to provide for departures below the statutory minimum only upon motion of the government. *See Alamin* at 1337. In *United States v. Musser*, 856 F.2d 1484 (11th Cir.1988), we upheld section 3553(e)'s motion prerequisite against constitutional challenges, observing that the only authority delegated by the rule is the "authority to *move* the district court for a reduction of sentence...." *Id.* at 1487.

We also realize that several courts have attempted to fashion a remedy or carve out an exception to § 5K1.1 in the rare situations in which the government in bad faith refuses to file a motion to depart. *See, e.g., Justice*, 877 F.2d at 664 (expressing the opinion that "in an appropriate case the district court may be empowered to grant a departure notwithstanding the government's refusal to motion" but declining to decide the issue based on the record before it); *United States v. White*, 869 F.2d 822 (5th Cir.1989) (stating in dicta that § 5K1.1 "obviously does not preclude a district court from entertaining a defendant's showing that the government is refusing to recognize such substantial assistance"); *United States v. Coleman*, 707 F.Supp. 1101 (W.D.Mo.1989) (construing the government's letter to the court that detailed the defendants' assistance to the government as a motion for departure under § 5K1.1); *United States v. Galan*, No. 89 CR 198, 1989 WL 63110 (S.D.N.Y. June 8, 1989) (WESTLAW, Federal Library, Dist. file) (entertaining the defendant's motion to compel the government to move for a downward departure under section 3553(e) and § 5K1.1 and ordering the government to file a detailed statement of any assistance rendered by the defendant). We need not address this related question because Chotas has not presented this issue to this court.

### C. Conclusion

Chotas' conviction is AFFIRMED. For the reasons stated above, the district court misapplied the guidelines in departing downward under § 5K1.1 in the absence of a governmental motion suggesting such departure. Pursuant to 18 U.S.C.A. § 3742(f)(1) (West Supp.1989), we RE-MAND this case to the district court for resentencing in accordance with the principles set forth above.

CLARK, Circuit Judge, specially concurring in part and dissenting in part:

I concur in that part of the court's disposition which holds that a motion by the government is a prerequisite to a district court's reduction of a defendant's sentence because of his substantial assistance to the

---

The Commission shall assure that the guidelines reflect the general appropriateness of imposing a lower sentence than would otherwise be imposed, including a sentence that is lower than that established by statute as a minimum sentence, to take into account a defendant's substantial assistance in the investigation or prosecution of another person who has committed an offense.

**6.** 18 U.S.C.A. § 3553(e) (West Supp.1989) states:

*Upon motion of the Government,* the court shall have the authority to impose a sentence below a level established by statute as minimum sentence so as to reflect a defendant's substantial assistance in the investigation or prosecution of another person who has committed an offense. Such sentence shall be imposed in accordance with the guidelines and policy statements issued by the Sentencing Commission pursuant to section 994 of title 28, United States Code.
(Emphasis added).

government toward the conviction of another person. This is mandated by *United States v. Alamin*, 895 F.2d 1335, 1337 (11th Cir.1990). I write separately, however, because I believe that *Alamin* was wrongly decided. This panel is constrained by previous panel decisions of our court. *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir.1981) (en banc). If it were not and I were writing on a clean slate, I would hold that a motion by the government is not a prerequisite to a departure under U.S.S.G. § 5K1.1. I dissent from the outright reversal of the district court's judgment in this case but instead would remand for a consideration of whether the government's failure to file a motion for a reduction was in bad faith.

A brief review of the relevant facts is warranted. Appellant assisted the government by testifying in another trial. At appellant's sentencing hearing, the government made no motion in support of a departure, and in fact objected when the court concluded that a departure was appropriate. The district judge presided over both the instant case and the one in which this defendant rendered assistance by testifying against the defendant there. At appellant's sentencing hearing, the following relevant colloquies occurred:

> The Court: Do you contend that the defendant's testimony in the trial of Mr. Fickling was of no assistance to the government?
>
> Ms. Levin (for the government): No, I cannot say that that's true. That's why we called him. I do think that his testimony contributed to our successful prosecution. There is no doubt.
>
> The Court: Substantially?
>
> Ms. Levin: No, I'm not certain that that's true because we did consider not calling him. SR1–14.

> \*　　\*　　\*　　\*　　\*　　\*

(There then followed an argument by government counsel as to her understanding of "substantial cooperation." The government contended that a defendant had to accept responsibility for his participation in the crime to be of substantial assistance to the government.) SR1–14–18.

## DISCUSSION

### A. *Analysis of Relevant Statutes and Guideline Sections.*

Since the panel in *Alamin* as well as the majority here rely upon 18 U.S.C. § 3553(e) as one of the sources for the proposition that a motion for a departure must be made by the government as a prerequisite for a district court's authority to depart, close scrutiny of the statute is necessary:

> (e) **Limited authority to impose a sentence below a statutory minimum.** Upon motion of the Government, the court shall have the authority to impose *a sentence below a level established by statute* as minimum sentence so as to reflect a defendant's substantial assistance in the investigation or prosecution of another person who has committed an offense. Such sentence shall be imposed in accordance with the guidelines and policy statements issued by the Sentencing Commission pursuant to section 994 of title 28, United States Code.

28 U.S.C. § 3553(e) (emphasis supplied). For example, a sentence prescribed in 21 U.S.C. § 960(b) states in part: "the person committing such violation shall be sentenced to a term of imprisonment of not less that 10 years and not more than...." Section 3553(e) was directed to the authority of a district court to reduce a sentence "below a level established by statute as minimum sentence" based upon a defendant's substantial assistance to the government. This is not the law that governs this and the *Alamin* case. The problem here relates to the proper interpretation of U.S.S.G. § 5K1.1, a guidelines *policy statement* which states in part: "Upon motion of the government stating that the defendant has made a good faith effort to provide substantial assistance in the investigation or prosecution of another person who has committed an offense, the court may depart from the guidelines." [1]

---

1. Section 5K1.1 was amended effective November 1, 1989; however, since Chotas committed

The Sentencing Commission derives its general authority to adopt the Sentencing Guidelines from 28 U.S.C. § 994, Duties of Commission, which contains specific guidance to the Commission for fashioning the substantive provisions and policy statements in the guidelines. The Commission's specific authority to adopt § 5K1.1 is contained in § 994(n), which states:

> The Commission shall assure that the guidelines reflect the general appropriateness of imposing a lower sentence than would otherwise be imposed, including a sentence that is lower than that established by statute as a minimum sentence, to take into account a defendant's substantial assistance in the investigation or prosecution of another person who has committed an offense.

The first conspicuous observation is the difference between Congress' action in writing § 3553(e) in which a government motion is required and omitting such a requirement when writing § 994(n). Congress adopted both sections in the same piece of legislation. Additionally, the two sections are immediately adjacent to one another. *See* Narcotics Penalties and Enforcement Act of 1986, Pub.L. No. 99–570 §§ 1007(a), 1008(1), 100 Stat. 3207–7 (October 27, 1986) (§ 1007(a) amended 18 U.S.C. § 3553 by adding subsection (e); § 1008(1) amended 28 U.S.C. § 994 by adding subsection (n)). Section 3553(e), expressly limits departures from statutory minimum sentences; however, there appears to be no logical reason why the prerequisite nature of a government motion under § 3553(e) should be mechanically transposed onto departures from the guidelines authorized pursuant to 28 U.S.C.A. § 994(n). It is far more logical to interpret § 3553(e) as an exception to the general rule set out in § 994(n).

Standing alone, the opening clause of § 5K1.1 is reasonably clear and a cursory reading of its "plain language" supports the majority's interpretation. While the first step in statutory interpretation is to examine the statute itself, portions of a

statute cannot be read in a vacuum. *See* A. Murphy, *Old Maxims Never Die: The "Plain–Meaning Rule" and Statutory Interpretation in the "Modern" Federal Courts*, 75 Colum.L.Rev. 1299, 1299–1301 (1975) (noting that " '[t]here is no surer way to misread any document than to read it literally' ") (quoting Judge Learned Hand in *Guiseppi v. Walling*, 144 F.2d 608, 624 (2nd Cir.1944)). It is essential to read the policy statement in context. In this case, it bears noting what § 5K1.1 does not say. As noted previously, the caption title for 18 U.S.C.A. § 3553(e) reads: "Limited authority to impose sentence below statutory minimum." The effect of this statement is to make the provision read as if it were phrased: *"Only* upon motion of the Government. . . ." When the statute is compared to the § 5K1.1, the limiting language present in the statute is conspicuously absent from the guideline policy statement. The Commentary to § 5K1.1 is equally illuminating: "Substantial weight should be given to the government's evaluation of the extent of the defendant's assistance, particularly where the extent and value of the assistance are difficult to ascertain." § 5K1.1, Application Note 3. The Commission further commented:

> The nature, extent, and significance of assistance can involve a broad spectrum of conduct that must be evaluated *by the court* on an individual basis. *Latitude* is, therefore, afforded the *sentencing judge* to reduce a sentence based upon variable relevant factors, including those listed above. The sentencing judge must, however, state the reasons for reducing the sentence under this section.

§ 5K1.1, Background, (emphasis added). Nowhere do these comments refer, or allude to the government's motion as an absolute prerequisite. That a court need only afford the government's evaluation "substantial weight" leads me to conclude that the recommendation, or lack of it, is not a prerequisite.

his offense prior to that date, the amendment does not apply in his case. *See supra* majority

opinion note 1.

Furthermore, to read § 5K1.1 as does the panel, requires a court to ignore the general mandate regarding departures:

> Section 5H1.10 (Race, Sex, National Origin, Creed, Religion, Socio–Economic Status), the third sentence of § 5H1.4, and the last sentence of § 5K2.12, list a few factors that the court cannot take into account as grounds for departure. *With those specific exceptions, however, the Commission does not intend to limit the kinds of factors (whether or not mentioned anywhere else in the guidelines) that could constitute grounds for departure in an unusual case.*

Introduction, Departures, U.S.S.G. ¶ 4(b) at 1.6 (emphasis added). In *United States v. Crawford*, 883 F.2d 963, 966 (11th Cir. 1989), a panel of this circuit concluded that a district court could depart from the guidelines due to the defendant's aggravating role in the offense even though the defendant's action "did not rise to the level of an aggravating role, as defined by guideline 3B1.1." *Id.* The court rejected defendant's argument that because her conduct did not meet the criteria of § 3B1.1, "the guidelines precluded the district court from considering her role in deciding whether to depart from the guideline sentencing range." *Id.* This case is significant because it shows that merely because the guidelines contain a provision which appears to be applicable under the facts of the case, the guideline does not delimit the exclusive method by which the court may consider the information in fashioning a sentence. *Crawford* reflects the degree of flexibility that should be afforded sentencing courts. The Sentencing Commission has recommended that Congress amend the Sentencing Reform Act to " 'state clearly' that the guidelines are general standards regarding the appropriate sentence in a typical case, not compulsory rules." *Reports and Proposals—Sentencing Reform*, 46 Crim.L.Rep. 1389 (1990). While this recommendation is not controlling, it confirms my understanding of the latitude afforded district courts' decisions to depart from the guidelines.

While I have no dispute with the panel's conclusion that Congress *may* circumscribe the availability of the substantial assistance departure,[2] I do dispute whether it has done so. Nothing in the statutes supports such a conclusion. Congress adopted both § 3553(e) and § 994(n) as part of the same legislation, yet these provisions contain markedly different language. It is obvious that Congress intended two different standards to apply. As the agency charged with interpreting § 994(n), the Commission's understanding is entitled to a certain presumption of correctness. However, I have serious reservations as to whether the majority's construction of § 5K1.1—assuming it is consistent with the Commission's interpretation—comports with what Congress intended when it enacted § 994(n). I also doubt whether the majority's construction of § 5K1.1 is consistent with the Commission's intent. The Commission has stated that it "intends the sentencing courts to treat each guideline as carving out a 'heartland,' a set of typical cases embodying the conduct that each guideline describes." U.S.S.G. ¶ 4(b) at 1.6. It is equally plausible *and* consistent with § 994(n) to view § 5K1.1's "upon motion of the government" language as operative in what the Commission considers is the typical case. In the *typical* case, the government will probably be in the best position to evaluate whether the defendant has rendered substantial assistance and, in such a case, a court should afford the government's evaluation some deference. However, if the circumstances remove the case from the "heartland" embodied in the guidelines, the court should proceed as it would anytime the circumstances are not adequately considered by the guidelines. Nothing in the guidelines or policy statements supports specially limiting a sentencing court's authority to depart when the issue is whether the defendant has rendered substantial assistance. Section 5K1.1 is just another provision in the guide-

---

**2.** *See United States v. Musser*, 856 F.2d 1484, 1487 (11th Cir.1988), *cert. denied*, 489 U.S. 1022, 109 S.Ct. 1145, 103 L.Ed.2d 205 (1989) (appel-lants have no constitutional right to the availability of the substantial assistance provision).

lines and, therefore, is equally controlled by the departure provisions in § 5K2.0.[3]

In *United States v. Lewis*, 896 F.2d 246, 247–48 (7th Cir.1990), the court concluded that § 5K1.1 "reflects a reasonable interpretation of § 994(n)'s mandate" since Congress had placed such a restriction on § 3553(e) and Fed.R.Crim.P. 35. Congress' actions, however, support the opposite conclusion. That Congress included the restrictions in § 3553(e) and Rule 35 indicates that Congress knew how to draft a statute with such a restriction when it wanted to do so. By interpreting the guidelines in this manner, the panel has selected an interpretation which conflicts with the governing statute, the Commentary to § 5K1.1 and with the general provisions governing departures.

B. *Policy Considerations.*

In *United States v. White*, 869 F.2d 822, 828–29 (5th Cir.), *cert. denied,* — U.S. ——, 109 S.Ct. 3172, 104 L.Ed.2d 1033 (1989), the court reached a certain compromise by concluding that § 5K1.1 set out the common practice and noted that "[t]he guidelines are not rigid, mechanical requirements." *Id.* at 829. The policy statement is predicated on the reasonable assumption that "the government is in the best position to supply the court with an accurate report of the extent and effectiveness of the defendant's assistance." *Id.* However, "[t]his policy statement obviously does not preclude a district court from entertaining a defendant's showing that the government is refusing to recognize such substantial assistance." This is not an intolerable construction; however, I believe it nevertheless vests the prosecutor with excessive authority and is inconsistent with the goal of reducing sentencing disparity, one of the overarching goals of sentencing reform. *See* Introduction, The Basic Approach, U.S.S.G. ¶ 3 at 1.2–1.4 (November 1, 1989).

It seems to me grossly inconsistent with the goal of reducing sentencing disparity to remove sentencing discretion from the judge and place it with the prosecutor whose decisions are not reviewable. During recent congressional oversight hearings, one witness noted the distinction between prosecutorial and judicial discretion and commented:

> In the judicial arena every decision is subject to review. Every decision rendered must be grounded on articulated facts and legal theories stated on the open record. An error in either regard is subject to appeal and reversal. When the decision is made by the prosecutor, there is no public proceeding, there are no enunciated facts, and legal theories become irrelevant. Whatever the decision, it is absolutely unreviewable. No matter how wrong, it cannot be corrected.

Congressional Oversight, 2 Fed.Sent.R. 227 (1990) (summary of statements before the House Subcommittee on Criminal Justice, March 7, 1990, statement of Thomas W. Hillier, Federal Public Defender) (quoting *United States v. Boshell*, 728 F.Supp. 632 (E.D.Wa.1990)). Hillier concluded this portion of his comments observing that "[p]rosecutorial interference with the sentencing function is why unfair results are now commonplace and sentencing disparity is, compared to past practice, substantially more prevalent. By any objective measure, the quality of justice in the federal criminal system suffers under the Guidelines." *Id.* At least one circuit has expressed similar concerns. In *United States v. Justice*, 877 F.2d 664, 667 (8th Cir.), *cert. denied,* — U.S. ——, 110 S.Ct. 375, 107 L.Ed.2d 360 (1989), the court identified three difficulties if § 5K1.1's motion requirement is construed as mandatory. First, that construction places discretion with the prosecutor that has historically been with the judge. Second, if the prosecutor abuses that dis-

---

**3.** It is difficult to ascertain what the Commission intended. The above construction of § 5K1.1, the accompanying commentary and the rest of the guidelines is consistent with § 994(n). If the Commission instead intended the result reached by the majority, I would hold

that the Commission exceeded its authority under § 994(n). In appropriate circumstances, courts have held that certain guidelines violate the statutory mandate given the Commission. *See United States v. Lee*, 887 F.2d 888, 890–92 (8th Cir.1989).

cretion, the abuse is largely unreviewable. And third, whether the assistance rendered by defendant is substantial may be a disputed issue of fact. Thus, § 5K1.1 makes the prosecutor the trier of fact.

I believe the instant case presents an equally vexing problem which is related to the government's bad faith refusal to move for a departure. That is, what recourse does a court have if it is apparent that the government's refusal to move for a departure is based on an erroneous interpretation of the law? In this case, the record reveals that the government believed that a defendant did not deserve a substantial assistance departure since he had not accepted responsibility for his criminal act. The government's interpretation of § 5K1.1 in this regard is clearly incorrect. *See* § 5K1.1, Application Note 2 ("The sentencing reduction for assistance to authorities *shall* be considered independently of any reduction for acceptance of responsibility."). The government also argues that the substantial assistance departure should be conditioned on it being clear to the government that the defendant's assistance will be substantial before the government puts the witness on the stand.[4] Section 5K1.1 includes no such preliminary assessment requirement. The question for the court to resolve is whether the defendant made a good faith effort to render substantial assistance. This evaluation is made *after* the defendant has rendered assistance. Both the bad faith and erroneous interpretation concerns strongly support some exception to a rigid interpretation of § 5K1.1's motion requirement. Any other approach would supplant a court's ability to "treat similar cases alike." U.S.S.G. ¶ 3 at 1.2. Arguably then, § 3553(e) is a clear manifestation of Congress' intent to deviate from its uniform sentencing framework; however, this same intent is entirely absent from § 994(n).

C. *The Facts Of This Case Justify A Remand.*

Without facing the issue in this case, the majority notes in passing that other courts

have recognized lack of good faith on the government's part as a basis for dispensing with the requirement for a government initiated motion. I find this problematic because there exists significant evidence of bad faith in the record. The majority concludes that it need not reach this question since Chotas does not raise it on appeal. This is not surprising since he prevailed on his motion for a departure under § 5K1.1 and the government is the appellant in this case.

As noted above, a number of other circuits have concluded that the guidelines do not preclude a departure for substantial assistance if the government is acting in bad faith. *See, e.g., United States v. Grant,* 886 F.2d 1513, 1514 (8th Cir.1989) (discussing, but not finding a due process violation); *United States v. Justice,* 877 F.2d 664, 668–69 (8th Cir.1989) (recognizing that the absence of a motion by the government may not "divest a sentencing court of the authority to depart from the guidelines in recognition of a defendant's clearly established and recognized substantial assistance"); *United States v. White,* 869 F.2d 822, 828–29 (5th Cir.1989) (concluding that § 5K1.1 delineates the procedure to be followed in the typical case). Assuming the guidelines anticipate that the government will act reasonably and fairly when participating in a sentencing proceeding, a necessary but misplaced confidence, then when the government acts in bad faith a court may justify its departure on the general departure policy statement, § 5K2.0. This section states in part: "[T]he sentencing court may impose a sentence outside the range established by the applicable guideline, if the court finds 'that there exists an aggravating or mitigating circumstance of a kind or to a degree not adequately taken into consideration'" (quoting 18 U.S.C. § 3553(b)). Bad faith on the part of the government is a circumstance not adequately considered by § 5K1.1. Additionally, § 5K1.1 also assumes that the govern-

---

**4.** Not all "substantial assistance" cases, however, will involve the defendant testifying on behalf

of the government.

ment is in the best position to evaluate the defendant's contribution. This assumption is not universally valid. In the instant case, the same judge presided in both trials; arguably he is in as good a position to evaluate whether the defendant rendered substantial assistance. This second possibility is not adequately considered by § 5K1.1.

Several factors support a remand instead of an outright reversal in this case. First, the district court expressed disbelief over the government's refusal to move for a departure based on substantial assistance in this case and noted that the government probably would not have obtained a conviction in the other trial had it not been for Chotas' testimony.[5] The evidence of bad faith in the record is sufficient to support our remanding this case for consideration of this issue. Second, the government argued that Chotas did not deserve the departure motion because he had not accepted responsibility. As explained above, this clearly is an impermissible basis to deny a departure for substantial assistance and similarly supports a remand.

In light of the binding decision in *Alamin*, I believe a bad faith exception to § 5K1.1 is necessary for it to remain consistent with Congress' intent under § 994(n) and with the goal of sentencing uniformity. The majority and other courts have had difficulty defining the scope of a bad faith exception. It is a difficult problem, but one which will be resolved over time; however, fundamentally, I believe this difficulty arises from an erroneous and unnecessarily narrow reading of § 5K1.1. If I were not constrained, I would hold that our review of a court's departure for sub-

stantial assistance in the absence of a government motion should be limited to the same analysis which a court conducts when reviewing any departure [6] with an added inquiry into whether the district court gave the government's recommendation substantial weight, provided such deference is justified.

I think the panel decision in *Alamin* and this case unnecessarily and unjustifiably curtail the district court's sentencing discretion. Being bound, however, to follow circuit precedent, I must concur in the court's disposition of that issue. I would, however, remand this case for consideration of the government's bad faith.

---

**5.** At appellant's sentencing hearing, the judge made the following comments:
> I don't think there's any question that his testimony was a substantial factor in the conviction of Mr. Fickling, in my judgment.
> . . . .
> Well, I think it is only fair to say that I have extreme difficulty in describing the government's attitude as generous. Well, I just—I certainly disagree with that.

**6.** *See United States v. Carrillo*, 888 F.2d 117, 118 (11th Cir.1989) (district court's factual findings

must be accepted unless clearly erroneous); *United States v. Crawford*, 883 F.2d 963, 964–66 (11th Cir.1989) (exercising de novo review of sentencing court's determination that guidelines did not adequately consider certain aggravating circumstances and concluding that nothing in record indicates departure was unreasonable). *See generally United States v. Diaz–Villafane,,* 874 F.2d 43, 49–50 (1st Cir.), *cert. denied,* — U.S. ——, 110 S.Ct. 177, 107 L.Ed.2d 133 (1989) (offering a concise three-step approach for analyzing departures).