953 F.2d 1388
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES Of America, Plaintiff-Appellee,
v.
Juan CEBREROS-IRIBE, Defendant-Appellant.
 No. 91-30105.
 United States Court of Appeals, Ninth Circuit.
 Submitted Jan. 6, 1992.*
Decided Jan. 23, 1992.
 
 Before EUGENE A. WRIGHT, WILLIAM A. NORRIS and CYNTHIA HOLCOMB HALL, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Juan Cebreros-Iribe appeals the sentence imposed upon him after pleading guilty to conspiracy to distribute cocaine in violation of 21 U.S.C. § 846 and possession of 500 grams or more of cocaine with intent to distribute in violation of 21 U.S.C. § 841(a)(1). We affirm.
 
 
 3
 Cebreros-Iribe argues that the district court erred by adding two points to his offense level under section 3B1.1(c) of the Sentencing Guidelines. Cebreros-Iribe claims that no evidence supported a finding that he was an "organizer, leader, manager, or supervisor" in the criminal activity for which he was convicted. United States Sentencing Commission, Guidelines Manual, § 3B1.1(c) (Nov. 1991). We review the district court's finding for clear error. United States v. Carvajal, 905 F.2d 1292, 1295-96 (9th Cir.1990).
 
 
 4
 Cebreros-Iribe proposed to his confederates that they travel to California to obtain higher quality cocaine. He recruited Julio Lazcano-Salazar to participate in the expedition. He paid the expenses for the trip to California. In Los Angeles, Cebreros-Iribe gave orders to Silfredo Cebreros-Perez regarding the cocaine distribution. Cebreros-Iribe told his confederates when to leave Los Angeles and return to Seattle with the cocaine. Cebreros-Iribe paid for the hotel room in Seattle even though Dawn Salinas signed the registration card. The evidence at trial included additional instances of Cebreros-Iribe directing the actions of his confederates. Moreover, Cebreros-Perez felt it necessary to ask Cebreros-Iribe for authorization to reduce the selling price of the cocaine.
 
 
 5
 In light of this evidence adduced at trial, we cannot say that the district court's finding that Cebreros-Iribe was an organizer, leader, manager, or supervisor of the criminal activity was clearly erroneous. Compare United States v. Avila, 905 F.2d 295, 298-99 (9th Cir.1990) (coordination of procurement and distribution activities justifies section 3B1.1(c) enhancement) and United States v. Carrillo, 888 F.2d 117 (11th Cir.1989) (management of "stash house," supervision of fellow low-level confederates, and distribution of cocaine support enhancement) with United States v. Mares-Molina, 913 F.2d 770, 773-74 (9th Cir.1990) (evidence that defendant owned a warehouse used to store drugs insufficient to support enhancement because no evidence of leadership role). Under this circuit's decisions, there was ample evidence for the district court to conclude that Cebreros-Iribe played a leading or organizing role in the conspiracy to distribute cocaine. See Carvajal, 905 F.2d at 1296 (sending courier to exchange drugs for cash qualified defendant for section 3B1.1(c) enhancement).
 
 
 6
 AFFIRMED.
 
 
 
 *
 The panel finds this case appropriate for submission without oral argument pursuant to Ninth Circuit Rule 34-4 and Fed.R.App.P. 34(a)
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3