[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JANUARY 25, 2012
JOHN LEY
CLERK

No. 11-11929
Non-Argument Calendar

_____

D.C. Docket No. 8:08-cr-00340-VMC-TBM-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ROBERT JERLOW,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(January 25, 2012)

Before MARCUS, PRYOR and MARTIN, Circuit Judges.

PER CURIAM:

Robert Jerlow appeals his sentence of 33 months of imprisonment following his plea of guilty to using a communication facility in facilitating a conspiracy to distribute and possess with the intent to distribute five or more kilograms of cocaine. 21 U.S.C. § 843(b). Jerlow argues that the government breached its plea agreement, he was denied a fair sentencing hearing, and his sentence is unreasonable. The government argues that Jerlow's last argument is barred by the appeal waiver in his plea agreement. We affirm in part and dismiss in part.

Jerlow and the government entered a plea agreement. The government agreed to recommend that Jerlow receive a three-level adjustment for his acceptance of responsibility, United States Sentencing Guidelines Manual § 3E1.1 (Nov. 2010), and to "consider whether [any] additional cooperation [from Jerlow] qualifie[d] as 'substantial assistance' . . .[that would] warrant[] the filing for a further reduction of sentence pursuant to USSG §5K1.1 and/or Fed. R. Crim. P. 35(b)." The agreement provided that Jerlow "underst[ood] that the determination" of whether his cooperation qualified as substantial assistance "rest[ed] solely with the United States Attorney for the Middle District of Florida," and that Jerlow "[could not] and [would] not challenge that determination, whether by appeal, collateral attack or otherwise." In the agreement, the government also "reserved its right and obligation to report to the Court and the United States Probation

2

Office all information concerning [Jerlow's] background, character and conduct, to provide relevant factual information, including the totality of [his] criminal activities . . . not limited to the count[] to which [he] plead[ed]," and "to make any recommendations it deem[ed] appropriate regarding the disposition of [his] case." Jerlow agreed to waive his right to appeal or challenge collaterally his sentence, subject to three exceptions: his sentence "exceed[ed] the . . . applicable guidelines range as determined by the Court"; his sentence exceeded the statutory maximum penalty; or his sentence violated the Eighth Amendment.

At the change of plea hearing, a magistrate judge discussed the plea agreement with Jerlow. Jerlow said that he understood that the government could disclose to the district court information unfavorable to him; the provision in the plea agreement "allow[ed] the government to come to [Jerlow's] sentencing and speak in aggravation"; and the disclosure of adverse information did "not . . . breach . . . the agreement." Jerlow also stated that he understood that he had waived his right to appeal his sentence, subject to the three exceptions. The district court later accepted Jerlow's plea of guilty.

The government and Jerlow moved for Jerlow to receive a downward departure based on his substantial assistance. See U.S.S.G. § 5K1.1. The government moved for Jerlow to receive only a three-level downward departure

because, although he had cooperated with law enforcement, the information he had provided had not been helpful and he allegedly had defrauded two persons while serving as a cooperating defendant. Jerlow moved for a 14-level downward departure and a sentence of 5 months of probation, which was two months longer than a sentence imposed on a female codefendant whom Jerlow had recruited to broker cocaine. Jerlow attached to his motion a personal log that recorded his cooperation with law enforcement.

At the sentencing hearing, Jerlow argued that the government had breached the plea agreement, but the district court disagreed. The district court granted Jerlow a three-level downward departure for his substantial assistance and determined that he had an advisory guideline range between 33 and 41 months of imprisonment. The district court sentenced Jerlow to a term of imprisonment at the low end of the guideline range.

The district court did not err when it ruled that the government complied with its plea agreement. Jerlow argues that the government violated the agreement by disclosing information detrimental to him, but Jerlow acknowledged during his guilty plea colloquy that the government had the right to disclose information that was adverse to him. Jerlow also argues that the government failed to disclose the "nature and extent of [his] cooperation," but the government acknowledged that

Jerlow cooperated fully, the government had available at the sentencing hearing an agent to testify about Jerlow's cooperation, and Jerlow submitted to the district court a personal log about his cooperation. The government retained in the plea agreement discretion to determine whether Jerlow had provided substantial assistance and to what extent he was entitled, if at all, to a reduction of his sentence. See United States v. Forney, 9 F.3d 1492, 1499–1500 (11th Cir. 1993). The government did not breach its agreement by arguing that Jerlow was entitled to a three-level downward departure.

Jerlow argues, for the first time, that the district court made statements that reveal that it denied Jerlow a fair sentencing hearing, but we disagree. The district court stated that it had deferred "generally" to the recommendations of the government about what extent to depart downward for substantial assistance and had "departed differently" on previous occasions, but Jerlow had failed to provide a "good reason" to do so "in this case." These remarks are consistent with the recommendation in the advisory guidelines that a district court give "[s]ubstantial weight . . . to the government's evaluation of the extent of the defendant's assistance," U.S.S.G. § 5K1.1 cmt. n.3, and with the "'reasonable assumption that the government is in the best position to supply the court with an accurate report of the extent and effectiveness of the defendant's assistance,'" United States v.

5

Chotas, 913 F.2d 897, 901 (11th Cir. 1990) (quoting United States v. White, 869 F.2d 822, 829 (5th Cir. 1989)). The district court stated that, based on its experience in a "lot of sentencings," Jerlow deserved a sentence of imprisonment because he had delayed pleading guilty and had been a "bigger player" in the conspiracy. "[D]istrict courts are given . . . wide latitude in sentencing . . . [because of] their experience in handling criminal cases," United States v. Shaw, 560 F.3d 1230, 1238 (11th Cir. 2009), and the district court was entitled to rely on its experience to fashion a sentence appropriate for Jerlow.

Jerlow argues that his sentence is unreasonable, but the argument is barred by the appeal waiver in Jerlow's plea agreement. Jerlow knowingly and voluntarily waived the right to appeal this aspect of his sentence. See United States v. Benitez-Zapata, 131 F.3d 1444, 1446–47 (11th Cir. 1997). We dismiss the appeal of this issue.

We **AFFIRM** Jerlow's conviction. Jerlow's appeal of his sentence is **DISMISSED**.

**AFFIRMED IN PART, DISMISSED IN PART.**