**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Emilio VILLARINO,
Defendant–Appellant.**

No. 89–6069
**Non–Argument Calendar.**

United States Court of Appeals,
Eleventh Circuit.

May 13, 1991.

Prof. Alfredo Garcia, St. Thomas University School of Law, Miami, Fla., for defendant-appellant.

Dexter W. Lehtinen, U.S. Atty., Carol DeGraffenreidt, Carol F. Herman, Linda C. Hertz, Asst. U.S. Atty., Miami, Fla., for plaintiff-appellee.

Before JOHNSON, HATCHETT and CLARK, Circuit Judges.

CLARK, Circuit Judge:

## I. INTRODUCTION

On April 20, 1988, a federal grand jury returned a one-count indictment charging appellant Villarino with engaging in credit card fraud, in violation of 18 U.S.C. §§ 1029(a)(2) and 1029(b)(1). On August 31, 1988, pursuant to a plea agreement, appellant pled guilty, and following consideration of the Presentence Investigation Report (PSI) and appellant's written objections, was sentenced by the district court to 33 months imprisonment. At the sentencing hearing, on October 5, 1989, appellant, having been afforded an opportunity to state his objections to the PSI, relied on his previously filed objections. *See* "Notice of Factors Reasonably in Dispute in Accordance with § 6A1.3 of the Final Draft of the Sentencing Guidelines and Policy Statements (October 1987) et Seq." (September 26, 1989). While the district court did not clearly and explicitly resolve appellant's individual objections, he stated:

> I have looked at the objections, and I think I have gone over them with my Probation Officer. I think that the only one that I agree with you on was the obstruction of justice, I believe.

The sentencing judge then afforded appellant an opportunity to challenge the court's adoption of the PSI's findings and recommendations and his rejection of Villarino's objections to the PSI.

Appellant argues on appeal that the district court failed to make explicit findings of fact and conclusions of law regarding controverted matters at sentencing as required by U.S.S.G. § 6A1.3(b) and Fed.R. Crim.P. 32(c)(3)(D). Specifically, appellant contends that the court did not resolve the following objections to the PSI: first, that the plea agreement should have affected his offense level by computing an offense level based on a section 5K1.1 departure; second, that his sentence should not have been enhanced for "more than minimal planning"; third, that his sentence should have been reduced for acceptance of responsibility. Additionally, and related to his procedural challenge to the district court's imposition of sentence, appellant argues that the district court erred in calculating appellant's sentence, first, by refusing to adjust it downward for his acceptance of responsibility pursuant to U.S.S.G. § 3E1.1, and second, by refusing to credit appellant's cooperation as "substantial assistance" for purposes of U.S.S.G. § 5K1.1. We affirm.

## II. DISCUSSION

### A. Failure to Make Explicit Findings of Fact and Conclusions of Law

■ This court generally has held that "[t]o facilitate judicial review of sentencing decisions and avoid unnecessary remands, ... sentencing judges should make explicit findings of fact and conclusions of law."

*United States v. Wise,* 881 F.2d 970, 973 (11th Cir.1989); *see also United States v. Jones,* 899 F.2d 1097, 1102–03 (11th Cir. 1990). The court failed to do so here. However, here, as in *Wise,* "the court's summary disposition of the parties' ... dispute has not precluded meaningful appellate review." *Wise,* 881 F.2d at 973.

■ First, appellant's argument for a section 5K1.1 departure is meritless. Section 5K1.1 provides in pertinent part: *"Upon a motion of the government* stating that the defendant has made a good faith effort to provide substantial assistance in the investigation or prosecution of another person who has committed an offense, the court may depart from the guidelines."[1] As we recently held in *United States v. Alamin,* 895 F.2d 1335 (11th Cir.1990), "without a motion by the government requesting a departure, the district court may not depart from the guidelines on the ground of substantial assistance." *Id.* at 1337; *see also United States v. Chotas,* 913 F.2d 897, 898 (11th Cir.1990) (motion by government essential prerequisite). At sentencing the government specifically declined to make such a motion, stating that Villarino's cooperation did not rise to the level warranting a section 5K1.1 departure.

■ Appellant's argument regarding enhancement for "more than minimal planning" under section 2F1.1(b)(2)(A) also is without merit and misreads the Sentencing Guidelines. Villarino maintains that the commentary following U.S.S.G. § 2F1.1(b) "indicates that this two-point upward adjustment is *alternative* rather than *cumulative.*" That is, because his offense level was enhanced five levels pursuant to section 2F1.1(b)(1)(F) for loss in excess of $40,-000, it could not be enhanced under any other subsection of section 2F1.1, including section 2F1.1(b)(2) for "more than minimal planning." However, the commentary ap-

pellant relies on applies only to section 2F1.1(b)(3), providing that "[t]he adjustments in § 2F1.1(b)(3) are alternative rather than cumulative." The reference here is to use of the conjunctive "or" in section 2F1.1(b)(3). The district court correctly enhanced appellant's sentence by applying U.S.S.G. §§ 2F1.1(b)(1)(F) and 2F1.1(b)(2) cumulatively.

■ The district court's summary rejection of appellant's argument that he was entitled to a reduction in sentence for acceptance of responsibility also can be reviewed conclusively on appeal. Villarino's argument simply finds no support in the record. The PSI indicates that although appellant acknowledged responsibility for his criminal behavior, since his release on bond he has committed, and has been found guilty of, nine additional offenses; he faces trial in at least four cases involving seven additional charges. In addition, Villarino failed to appear for his initially scheduled sentencing hearing and ultimately was arrested on a bench warrant.

The commentary following U.S.S.G. § 3E1.1 provides that "[i]n determining whether a defendant qualifies for this provision, appropriate considerations include ... voluntary termination or withdrawal from criminal conduct or associations." This court has held that a defendant who continues to participate in the conduct that formed the basis of the offense for which he was sentenced—in that case, continued cocaine use—is not entitled to a reduction for acceptance of responsibility. *United States v. Scroggins,* 880 F.2d 1204, 1215–16 (11th Cir.1989). It is clear from the record that appellant, by continuing to engage in criminal behavior, did not accept responsibility for his actions. We, therefore, hold that there is adequate evidence to support the district court's summary disposition of appellant's objections. *Wise,* 881 F.2d at 973.

---

1. As amended, effective November 1, 1989, this language in section 5K1.1 provides: "Upon a motion of the government stating that the defendant has provided substantial assistance in the investigation or prosecution of another person who has committed an offense, the court may depart from the guidelines." Because this

amended version became effective after appellant was sentenced, it is inapplicable to this case. 18 U.S.C.A. § 3553(a)(5) (1985 & West Supp.1989) (defendant is sentenced in accordance with the policy statements in effect at the date of sentencing).

### B. Acceptance of Responsibility

Because the district court is in a "unique position to evaluate a defendant's acceptance of responsibility," the sentencing judge's determination "is entitled to great deference on review and should not be disturbed unless it is without foundation." *United States v. Jones*, 899 F.2d 1097, 1100–01 (11th Cir.1990); *United States v. Spraggins*, 868 F.2d 1541, 1544 (11th Cir. 1989). Appellant cites his assistance in apprehending a fugitive and his offer of information related to a plot to assassinate a federal district court judge, in addition to his confession regarding the instant offense, as evidence of his acceptance of responsibility.

Appellant's argument ignores, among other things, his unwillingness to withdraw from criminal conduct prior to sentencing. For the reasons stated above, we hold that appellant has failed to sustain his burden of proving that he affirmatively accepted responsibility pursuant to § 3E1.1. *See United States v. Wilson*, 884 F.2d 1355, 1356 (11th Cir.1989). The district court's determination is not clearly erroneous.

### C. Substantial Assistance

We likewise reject appellant's challenge to the district court's refusal to award him a section 5K1.1 departure for substantial assistance. As stated above, the district court is without authority to depart pursuant to section 5K1.1 absent a motion by the government. *Chotas*, 913 F.2d at 900. No such motion was made in Villarino's case. Moreover, the government appears to have acted in good faith in not requesting a departure. Indeed, the government, while noting that Villarino's assistance did not rise to the level of a section 5K1.1 departure, nevertheless requested that the court consider Villarino's cooperation in imposing sentence. The sentencing judge ultimately credited Villarino for his assistance, despite his "deplorable" record, by sentencing him to the bottom of the guideline range rather than the top, as he had previously contemplated.

### III. CONCLUSION

For the foregoing reasoning, appellant's sentence in AFFIRMED.