[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 23, 2006
THOMAS K. KAHN
CLERK

No. 05-16036
Non-Argument Calendar

_____

D. C. Docket No. 05-00015-CR-4-SPM

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

LYNN YUE,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

**(June 23, 2006)**

Before BLACK, CARNES and PRYOR, Circuit Judges.

PER CURIAM:

Lynn Yue appeals her sentence for mail fraud, in violation of 18 U.S.C.

§ 1341, and bank fraud, in violation of 18 U.S.C. § 1344.  Yue asserts the district

court erred in: (1) assessing a two-level increase in her offense level for employing sophisticated means, pursuant to U.S.S.G. § 2B1.1(b)(9)(C); (2) assessing a two-level increase in her offense level for obstruction of justice, pursuant to U.S.S.G. § 3C1.1; and (3) denying her a two-level reduction for acceptance of responsibility, pursuant to U.S.S.G. § 3E1.1(a). The district court did not err, and we affirm.

## I. DISCUSSION

Following the Supreme Court's decision in *United States v. Booker*, 125 S. Ct. 738, 765 (2005), we review sentences for reasonableness. Nevertheless, the district court must calculate the Sentencing Guidelines correctly. *United States v. Crawford*, 407 F.3d 1174, 1178 (11th Cir. 2005). Post-*Booker*, we review the district court's application of the Guidelines under the same standards as we did pre-*Booker*, namely, that the district court's interpretation of the Guidelines is reviewed de novo and factual findings are reviewed for clear error. *Id.* at 1177-78. It is necessary to determine, utilizing pre-*Booker* precedent, whether the district court correctly interpreted and applied the Guidelines to determine the appropriate advisory Guideline range. *See id.* at 1178. Here, Yue makes no argument as to the reasonableness of her sentence, and only argues whether the Guidelines range was calculated correctly. Thus, we will only address this aspect of sentencing.

A. *Sophisticated Means*

Two levels are added to a defendant's base offense level if the offense involved "sophisticated means." U.S.S.G. § 2B1.1(b)(9)(C). "Sophisticated means" is defined as:

> especially complex or especially intricate offense conduct pertaining to the execution or concealment of an offense. For example, in a telemarketing scheme, locating the main office of the scheme in one jurisdiction but locating soliciting operations in another jurisdiction ordinarily indicates sophisticated means. Conduct such as hiding assets or transactions, or both, through the use of fictitious entities, corporate shells, or offshore financial accounts also ordinarily indicates sophisticated means.

U.S.S.G. § 2B1.1, comment. (n.8(B)).

Although we have not fully delineated what qualifies as "sophisticated means," we have held "sophisticated means involves more than minimal planning." *United States v. Humber*, 255 F.3d 1308, 1314 (11th Cir. 2001) (holding "sophisticated means" and the now-defunct "more than minimal planning" enhancements could be applied cumulatively).

Based on the repetition and complexity of Yue's scheme, the district court did not err in applying the enhancement. While working as an office manager for Dr. Karen Chason, Yue used Dr. Chason's financial and personal information to (1) open new credit accounts in Dr. Chason's name, (2) access and use Dr. Chason's existing credit accounts, and (3) access money held in Dr. Chason's bank account. Additionally, Yue would impersonate Dr. Chason to pick up merchandise

3

and to receive plastic surgery paid for by Dr. Chason, as well as use Dr. Chason's identity to order prescription pain killers for her drug counselor. Yue also went to great lengths to conceal her activity, including blaming other people and opening Dr. Chason's mail. This conduct, in the aggregate, is a sophisticated scheme both to commit fraud and avoid detection. *See* U.S.S.G. § 2B1.1, comment. (n.8(B)). Therefore, we affirm the district court as to this issue.

B. *Obstruction of Justice*

> If (A) the defendant willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice during the course of the investigation, prosecution, or sentencing of the instant offense of conviction, and (B) the obstructive conduct related to (i) the defendant's offense of conviction and any relevant conduct; or (ii) a closely related offense, increase the offense level by 2 levels.

U.S.S.G. § 3C1.1. The conduct resulting in obstruction varies "widely in nature, degree of planning, and seriousness." U.S.S.G. § 3C1.1, comment. (n.3). Examples of conduct where § 3C1.1 applies include when the defendant commits perjury, provides "materially false information to a judge or magistrate," or provides "materially false information to a probation officer in respect to a presentence or other investigation for the court." U.S.S.G. § 3C1.1, comment. (n.4 (b), (f), and (h)). An example of conduct where § 3C1.1 does not apply, but may warrant a greater sentence within the otherwise applicable Guideline range, is when the defendant provides "incomplete or misleading information, not

4

amounting to a material falsehood, in respect to a presentence investigation."

U.S.S.G. § 3C1.1, comment. (n.5(c)).

"To justify an enhancement under Section 3C1.1, the defendant must act willfully, which has been interpreted to mean the defendant must consciously act with the purpose of obstructing justice." *United States v. Revel*, 971 F.2d 656, 661 (11th Cir. 1992) (quotations and citation omitted). A material statement is one "that, if believed, would tend to influence or affect the issue under determination." U.S.S.G. § 3C1.1, comment. (n.6). The threshold for materiality is low. *United States v. Dedeker*, 961 F.2d 164, 167 (11th Cir. 1992).

Perjury, for purposes of obstruction of justice, is defined as giving "false testimony concerning a material matter with the willful intent to provide false testimony, rather than as a result of confusion, mistake, or faulty memory." *See United States v. Dunnigan*, 113 S. Ct. 1111, 1116 (1993), *abrogated on other grounds*, *United States v. Wells*, 117 S. Ct. 921 (1997). "This provision is not intended to punish a defendant for the exercise of a constitutional right" such as the right to refuse to admit guilt, and "the court should be cognizant that inaccurate testimony or statements sometimes may result from confusion, mistake, or faulty memory, and, thus, not all inaccurate testimony or statements necessarily reflect a willful attempt to obstruct justice." U.S.S.G. § 3C1.1, comment. (n.2).

The district court did not err in enhancing Yue's sentence based on obstruction of justice when Yue gave false information about her educational background. First, despite Yue's arguments that the misrepresentations were not willful, there is no indication it was based on confusion, mistake, or faulty memory. *See Dunnigan*, 113 S. Ct. at 1116; U.S.S.G. § 3C1.1, comment. (n.2). Second, the misrepresentation was material. The record supports that the magistrate relied, at least in part, on Yue's representations concerning her education when he determined Yue's pretrial detention. Yue further lied about her education to the district court under oath during the plea colloquy. Further, this misrepresentation went beyond merely "incomplete or misleading information, not amounting to a material falsehood, in respect to a presentence investigation." *See* U.S.S.G. § 3C1.1, comment. (n.5(c)). Thus, we affirm the district court as to this issue.

C. *Acceptance of Responsibility*

"The district court is in a unique position to evaluate whether a defendant has accepted responsibility for [her] acts, and this determination is entitled to great deference on review. Unless a court's determination is without foundation, it should not be overturned on appeal." *United States v. Pritchett*, 908 F.2d 816, 824 (11th Cir. 1990). "A district court's determination that a defendant is not entitled

6

to acceptance of responsibility will not be set aside unless the facts in the record clearly establish that a defendant has accepted personal responsibility." *United States v. Sawyer*, 180 F.3d 1319, 1323 (11th Cir. 1999).

Section 3E1.1 of the Sentencing Guidelines provides "[i]f the defendant clearly demonstrates acceptance of responsibility for [her] offense, decrease the offense level by 2 levels." "The defendant bears the burden of clearly demonstrating acceptance of responsibility and must present more than just a guilty plea." *Sawyer*, 180 F.3d at 1323. Adjustment is not warranted where the defendant falsely denied relevant conduct. U.S.S.G. § 3E1.1, comment. (n.1(a)). Moreover, "[c]onduct resulting in an enhancement under § 3C1.1 (Obstructing or Impeding the Administration of Justice) ordinarily indicates that the defendant has not accepted responsibility for [her] criminal conduct. There may, however, be extraordinary cases in which adjustments under both §§ 3C1.1 and 3E1.1 may apply." U.S.S.G. § 3E1.1, comment. (n.4). A defendant is not entitled to a reduction for acceptance of responsibility if she acknowledges responsibility for the offense but continued criminal conduct. *United States v. Villarino*, 930 F.2d 1527, 1530 (11th Cir. 1991). Further, an admission of involvement in the crime alone does not necessarily amount to an affirmative acceptance of responsibility. *See United States v. Shores*, 966 F.2d 1383, 1388 (11th Cir. 1992).

7

Contrary to Yue's assertions, the district court expressly denied the reduction for acceptance of responsibility because she continued her deceptive behavior of lying about her educational background. Yue was required to do more than just plead guilty, and the district court found she actively lied to the court while the case was ongoing. *See Villarino*, 930 F.2d at 1530. In addition, since Yue received an enhancement pursuant to § 3C1.1, she is generally not entitled to a reduction for acceptance of responsibility. U.S.S.G. § 3E1.1, comment. (n.4). Thus, since the facts in the record do not clearly establish Yue was entitled to acceptance of responsibility and the district court's decision is entitled to great deference, we hold the district court did not clearly err.

## II. CONCLUSION

The district court did not err in imposing the sophisticated means and obstruction of justice enhancements, or in denying an acceptance of responsibility reduction. Since all of Yue's Guideline issues fail, and Yue raises no argument that her sentence was unreasonable, we affirm Yue's sentence.

AFFIRMED.