[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
SEPT 11, 2008
THOMAS K. KAHN
CLERK

_____

No. 08-10574
Non-Argument Calendar

_____

D. C. Docket No. 07-14044-CR-JEM-DLG

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

TROY HOLLANDER CRADDOCK,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(September 11, 2008)**

Before BIRCH, DUBINA and WILSON, Circuit Judges.

PER CURIAM:

Troy Hollander Craddock appeals his 101-month total sentence for

conspiracy to interfere with interstate commerce by violence and robbery, in violation of 18 U.S.C. § 1951(a), and possession and use of a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. §§ 924(c)(1)(A) and 2. Specifically, the indictment alleged that Craddock and a co-defendant, Omar Robinson, conspired to rob a restaurant in Port St. Lucie, Florida. Craddock pled guilty to the charges pursuant to a written plea agreement.

On appeal, Craddock argues that the district court erred in enhancing his offense level two points, under U.S.S.G. § 3B1.1(c), because he was not an organizer or manager in the charged conspiracy. Specifically, he argues that the enhancement was not applicable to his possible recruitment or management of a female restaurant employee, Lynn Watson, because she was not a participant in the conspiracy. He also argues that the court made no finding that he deserved the enhancement based on his role regarding his co-defendant Robinson, and this Court cannot make that finding in the first instance.

"We review the district court's application of the sentencing guidelines *de novo* and its findings of fact for clear error." *United States v. Baker*, 432 F.3d 1189, 1253 (11th Cir. 2005). "A factual finding is clearly erroneous when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed."

*United States v. Robertson*, 493 F.3d 1322, 1330 (11th Cir. 2007), *cert. denied*, 128 S. Ct. 1295 (2008) (internal quotation marks omitted). The government bears the burden of establishing a disputed fact at sentencing by a preponderance of the evidence. *See United States v. Pope*, 461 F.3d 1331, 1335 (11th Cir. 2006).

The district court should make explicit findings of fact at sentencing to facilitate judicial review and avoid unnecessary remands. *United States v. Villarino*, 930 F.2d 1527, 1528 (11th Cir. 1991); *see also* Fed. R. Crim. P. 32(i)(3)(B). A district court's failure to resolve factual disputes may require us to vacate a defendant's sentence and remand the case to the district court for explicit factual findings. *See United States v. Caraza*, 843 F.2d 432, 438 (11th Cir. 1988) (per curiam). However, the district court's failure to make specific findings of fact will not preclude meaningful appellate review where evidence clearly supported the court's determination. *See Villarino*, 930 F.2d at 1529. More specifically, we have stated:

> In making the ultimate determination of the defendant's role in the offense, the sentencing judge has no duty to make any specific subsidiary factual findings. So long as the district court's decision is supported by the record and the court clearly resolves any *disputed* factual issues, a simple statement of the district court's conclusion is sufficient.

*United States v. De Varon*, 175 F.3d 930, 939 (11th Cir. 1999) (en banc) (internal citation omitted).

3

Section 3B1.1(c) of the Sentencing Guidelines provides for a two-point offense level increase for a defendant who was "an organizer, leader, manager, or supervisor in any criminal activity" that involved fewer than five participants and was not otherwise extensive. U.S.S.G. § 3B1.1(c). To qualify for this enhancement, "the defendant must have been the organizer, leader, manager, or supervisor of one or more other participants." U.S.S.G. § 3B1.1, cmt. n.2; *see also United States v. Glover*, 179 F.3d 1300, 1302 (11th Cir. 1999) (stating that, for the § 3B1.1(c) enhancement to apply, the defendant must have "assert[ed] control or influence over at least . . . one participant"). "A 'participant' is a person who is criminally responsible for the commission of the offense, but need not have been convicted." U.S.S.G. § 3B1.1, comment. (n.1). Accordingly, a police informant is not a participant. *Id.* However, up until a person who is criminally responsible becomes a police informant, she may be considered a participant. *See id.*; *see also United States v. Griffin*, 945 F.2d 378, 384 n.6 (11th Cir. 1991).

To be held criminally responsible as a co-conspirator, a person must have formed an agreement with one or more persons, the object of which was to carry out an unlawful act or a lawful act by unlawful means. *United States v. Arias-Izquierdo*, 449 F.3d 1168, 1182 (11th Cir. 2006). The alleged conspirator must have known of the purpose of the agreement and must have knowingly and

4

voluntarily entered into the agreement. *See United States v. Simpson*, 228 F.3d 1294, 1298 (11th Cir. 2000).

Initially, we note that the district court only made a general finding that the two-point offense level enhancement, under § 3B1.1(c), applied to Craddock. Although the record reveals two possible participants in the robbery conspiracy—Watson and Robinson the district court did not explicitly state who Craddock managed or supervised.

To the extent that the district court applied the enhancement based on Craddock's role in the offense vis-a-vis Watson, it erred. Watson could not have qualified as a participant in the offense during the time she acted as a police informant. Moreover, no evidence indicated that she was criminally responsible for the robbery conspiracy prior to becoming a police informant. Although Watson listened to Craddock's plans to rob the restaurant and he attempted to recruit her, no evidence showed that she knowingly and voluntarily agreed with him to carry out the robbery before she went to the police. Therefore, the § 3B1.1 aggravating role enhancement was not applicable based on Craddock's interaction with Watson.

To the extent that the enhancement was based on Craddock's role as a manager or organizer vis-a-vis Robinson, some evidence in the record supported

the application of the enhancement. Specifically, both the presentence investigation report ("PSI") and facts from the change-of-plea hearing indicated that Craddock recruited Robinson, instructed him on what to wear, informed him about the recruitment of a restaurant employee to assist, drove him to the restaurant to commit the robbery on April 25, 2007, and gave him the gloves, sunglasses, and firearm for the robbery.

However, Craddock objected generally that he and Robinson were equally culpable, and he specifically objected that he did not recruit Robinson, instruct him on anything, or provide him with a firearm. Because the district court never made any findings regarding these disputed facts, it is unclear whether it viewed the undisputed facts—that Craddock drove Robinson to the restaurant on April 25 and gave him gloves and sunglasses—as sufficient to warrant application of the aggravating role enhancement.

Moreover, the record indicates that the district court's finding on the enhancement, while not explicit, was made only in regards to Craddock's relationship with Watson. The parties and the court were focused on Craddock's possible management or supervision of Watson immediately before the district court made its finding on the enhancement. The context of the sentencing hearing indicates that the district court's references to the "great deal of planning involved"

and "great deal of conversations," in finding that the enhancement applied, were references to Craddock's planning and conversations with Watson.

Thus, the district court failed to make findings regarding relevant facts disputed by Craddock or indicate that its general finding on the § 3B1.1 aggravating role enhancement applied to him due to his management or organization vis-a-vis Robinson. In light of these circumstances, the district court's findings are inadequate for appellate review. Accordingly, we vacate Craddock's sentence and remand for the district court to re-consider the applicability of the aggravating role enhancement and make explicit factual findings if it chooses to reimpose the enhancement.

**VACATED AND REMANDED.**