[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
NOV 3, 2008
THOMAS K. KAHN
CLERK

_____

No. 07-15622
Non-Argument Calendar

_____

D. C. Docket No. 05-00035-CR-BAE-6

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JEFFERY L. LEWIS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Georgia

_____

**(November 3, 2008)**

Before ANDERSON, BIRCH and PRYOR, Circuit Judges.

PER CURIAM:

Jeffrey L. Lewis appeals his 180-month sentence imposed for distribution of a quantity of cocaine base, in violation of 21 U.S.C. § 841(a)(1). Lewis contends that the district court erroneously failed to consider his minimal conduct and apply a two-level minor role adjustment pursuant to U.S.S.G. § 3B1.2(b). We AFFIRM the sentence of the district court.

## I. BACKGROUND

On 8 January 2005, Lewis arranged the purchase of crack cocaine by two confidential informants. R3 at 30. Lewis then drove with the confidential informants to another location where he acted as the middleman for a second purchase of crack cocaine. Id. at 30-31. The total amount of crack cocaine involved was 52.12 grams. Id. at 31.

Lewis was indicted for one count of distribution of 50 grams or more of cocaine base in violation of 21 U.S.C. § 841(a)(1), which carried a statutory minimum of ten years to life imprisonment. R1-1, 2. The government agreed to let Lewis plead guilty to a lesser included offense of distribution of an unspecified quantity of cocaine base, which subjected him to a significantly reduced sentence of not more than twenty years imprisonment with no minimum mandatory imprisonment. R1-37; R3 at 20. Although there would be no drug quantity threshold for penalty enhancing purposes, Lewis acknowledged in the written plea

2

agreement that he knowingly distributed 52.12 grams of cocaine base and that this total drug quantity would be used for sentencing purposes. R1-37 at 6. In addition, the government promised to recommend a two-level reduction for being a minor participant based on Lewis's understanding that such a reduction was "completely within the sentencing court's discretion." Id. at 3, 5.

At his guilty plea hearing in May 2006, Lewis admitted that he willingly helped the confidential informants purchase cocaine two times. R3 at 31. The government advised the court that it would recommend a two-level reduction as a minor participant based upon Lewis's role as essentially a middleman. Id. at 24. Lewis affirmed that he understood the plea agreement. Id. at 25.

At the sentencing hearing in August 2006, Lewis objected to the probation officer's inclusion of a prior offense in his criminal history calculation. R2 at 4-7; Addendum to the Presentence Report. Lewis did not object to the probation officer's determination that no role reduction applied. Nor did Lewis object to the court's establishment of Lewis's offense level without a role reduction, which set the advisory guidelines range between 151 to 188 months of imprisonment. Id. at 12. Although Lewis argued the court should consider his minimal role in the offense as a mitigating factor, he did not specifically argue that he was entitled to a § 3B1.2 reduction. Id. at 13. The prosecutor noted that Lewis would have been

3

eligible for life without parole under the original charge, and that the favorable plea bargain recognized Lewis's role as a middleman. Id. at 15-16. Lewis acknowledged that he had "received some benefit from that" and asked the court to "give him somewhat of a break on the number of months." Id. at 16-17. The sentencing judge stated that he had examined all factors of 18 U.S.C. § 3553. Id. at 17. Based on Lewis's lengthy criminal record, the sizable quantity of crack cocaine distributed, and the very favorable plea bargain he received, Lewis was sentenced to 180 months of imprisonment. Id. at 17-18. Besides his previous objections to the presentence report, Lewis made no further objections to the district court's findings of fact or conclusions of law. Id. at 19-20.

## II. DISCUSSION

On appeal, Lewis argues that the district court clearly erred in failing to analyze Lewis's role and make factual findings as to why Lewis was not entitled to a two-level § 3B1.2(b) minor role reduction. Because Lewis did not object on these grounds in the district court, our review is limited to plain error. See United States v. Duncan, 400 F.3d 1297, 1301 (11th Cir. 2005). We have "discretion to correct an error under the plain error standard where (1) an error occurred, (2) the error was plain, (3) the error affected substantial rights, and (4) the error seriously affects the fairness, integrity or public reputation of judicial proceedings." Id.

4

Under § 3B1.2(b), a defendant's base offense level may be decreased two levels "[i]f the defendant was a minor participant in any criminal activity." U.S.S.G. § 3B1.2(b) (Nov. 2002). A defendant's role in the offense should be evaluated based on all relevant conduct and not just on the acts cited in the count of conviction. United States v. Rodriguez De Varon, 175 F.3d 930, 940-41 (11th Cir. 1999). This means a defendant's role must be measured against the relevant conduct attributed to the defendant in calculating his base offense level. Id. at 941. The amount of drugs involved is a relevant factor and, under some circumstances, may be dispositive. Id. at 943. In addition, the defendant's culpability as compared to that of any other participants is germane. Id. at 944; see U.S.S.G. § 3B1.2 cmt. n.5 (minor role reduction appropriate if the defendant was "less culpable than most other participants").

A district court is not bound by the government's recommendation in a plea agreement. See Federal Rule of Criminal Procedure 11(c)(1)(B). Nor is a district court required to make any specific factual findings "other than the ultimate determination of the defendant's role in the offense." De Varon, 175 F.3d at 940. "So long as the basis of the trial court's decision is supported by the record *and* does not involve a misapplication of a rule of law, we believe that it will be rare for an appellate court to conclude that the sentencing court's determination is clearly

erroneous." Id. at 945 (emphasis in original). A district court's failure to make specific factual findings or conclusions of law will not preclude appellate review where there is adequate evidence to support the district court's summary rejection of the defendant's arguments. See United States v. Villarino, 930 F.2d 1527, 1529 (11th Cir. 1991).

Here, the district court did not make specific factual findings or conclusions of law about whether Lewis was entitled to a § 3B1.2(b) reduction because Lewis did not specifically request such a reduction. Nevertheless, meaningful appellate review is possible because the record contains ample evidence that Lewis was not entitled to this reduction. Contrary to Lewis's assertion, the district court did consider evidence of Lewis's role in the drug transactions. In fact, it was undisputed that Lewis acted as a middleman. Because of his role, the district court correctly noted that Lewis obtained a very favorable plea agreement for a lesser included offense which avoided the possibility of a life sentence. See R3 at 17.

Lewis's status as a middleman, however, does not automatically mean that his role was minor for purposes of § 3B1.2(b). See De Varon, 175 F.3d at 942 (defendant's status as a drug courier in and of itself is not dispositive of whether he is entitled to a role reduction). Instead, the proper focus is on Lewis's role in light of the relevant conduct attributed to him. Id. In the written plea agreement, Lewis

6

acknowledged that he intentionally distributed 52.12 grams of cocaine base, and that this total drug quantity would be used for sentencing purposes. Lewis's relevant conduct used to calculate his base offense level, the distribution of 50 grams or more of cocaine base, was identical to his actual conduct. Lewis was thus held accountable only for the sizable amount of drugs that he admitted distributing. Lewis also testified that he willingly helped the confidential informants purchase the crack cocaine by taking them from one place to another to find a drug dealer. See R2 at 31. There is no evidence to suggest that these drug transactions could or would have occurred without Lewis's involvement. Accordingly, a two-level reduction did not apply because Lewis did not play a minor role in the conduct for which he was held accountable. See De Varon, 175 F.3d at 944.

Furthermore, Lewis has not shown that he was any "less culpable than most other participants" in the drug transactions at issue. U.S.S.G. § 3B1.2 cmt. n.5. Lewis cannot compare his actions to those of the confidential informants in this case because they do not qualify as participants for purposes of § 3B1.2(b). See id. at n.1 ("participant" defined under application notes for § 3B1.1); U.S.S.G. § 3B1.1 cmt. n.1 ("A person who is not criminally responsible for the commission of the offense (e.g., an undercover law enforcement officer) is not a participant."). Lewis was the only named defendant in the indictment and he has

7

offered no evidence concerning the role of any other individuals in these drug deals. The burden of establishing a minor role in the offense rested on Lewis and he has failed to meet this burden. See De Varon, 175 F.3d at 946.

Based on the foregoing, we conclude that Lewis was not entitled to a two-level minor role reduction pursuant to § 3B1.2(b). The district court did not err, plain or otherwise, in not decreasing Lewis's offense level for being a minor participant.

### III. CONCLUSION

Lewis challenges his sentence for distribution of a quantity of cocaine base on grounds that the district court failed to consider his minor role in the drug transactions and afford him a two-level reduction under § 3B1.2(b). We conclude that the district court properly based its sentence in part on the quantity of drugs involved and the favorable plea agreement, which took into consideration the role Lewis played in the drug transactions. Lewis did not qualify for a two-level minor role reduction because he did not play a minor role in his relevant conduct of distributing 52.12 grams of cocaine base, and there was no evidence that he was less culpable than other participants in the drug transactions. Consequently, the district court did not err in sentencing Lewis.

**AFFIRMED.**

8