[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
NOV 26, 2008
THOMAS K. KAHN
CLERK

_____

No. 08-10317
Non-Argument Calendar

_____

D. C. Docket No. 06-00492-CR-01-ODE-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

HENRY IRONS JOHNSON,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

**(November 26, 2008)**

Before MARCUS, PRYOR and KRAVITCH, Circuit Judges.

PER CURIAM:

Henry Irons Johnson appeals his sentence of imprisonment for 180 months

for conspiracy to distribute and possession with intent to distribute at least five kilograms of cocaine. 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), 846. Johnson argues that he was entitled to a downward adjustment for his acceptance of responsibility, United States Sentencing Guidelines § 3E1.1 (Nov. 2003), and his sentence was unreasonable. We affirm.

## I. BACKGROUND

Johnson was arrested after he assumed control of what he believed to be 33 kilograms of cocaine. Police also discovered 5653 grams of marijuana in Johnson's vehicle. Johnson admitted that he had received two similar shipments of cocaine and agreed to make contact with his supplier.

Johnson was later indicted for conspiracy to distribute and possession with intent to distribute at least five kilograms of cocaine, 21 U.S.C. §§ 841(a)(1), 841 (b)(1)(A), 846, and released on bond. Johnson appeared in the district court on March 27, 2007, to plead guilty to both charges, but the court was concerned with the plea form and rescheduled the hearing. After Johnson left the courthouse, Johnson attempted but failed to elude arrest for several traffic offenses and the possession of less than one ounce of marijuana. The arresting officer also discovered $3900 in Johnson's possession. The district court revoked Johnson's bond and incarcerated him.

Johnson entered a blind plea of guilty to both charges, and the presentence investigation report listed Johnson's base offense level at 34. U.S.S.G. § 2D1.1(c)(3). The report recommended against a downward adjustment for acceptance of responsibility because "Johnson failed to withdraw from criminal conduct" as evidenced by his March 27 arrest. Based on a criminal history category of III, the report provided a sentencing range between 188 and 235 months of imprisonment.

Johnson filed a tardy objection to the report and challenged the denial of a downward adjustment for acceptance of responsibility. At the sentencing hearing, Johnson argued that he had cooperated with law enforcement and had accepted marijuana from another individual on March 27 to facilitate a future sting operation. The government argued that Johnson was not entitled to a downward adjustment because he did not provide substantial assistance to law enforcement.

The district court overruled Johnson's objection and found that Johnson was not entitled to an adjustment for acceptance of responsibility. The district court stated that Johnson had a higher criminal history level than a codefendant; Johnson "dealt in a lot of drugs before he got caught"; and the court could not "put a good spin on the incident where . . . Johnson had the marijuana." The court also stated that it was "aware of the fact that . . . [it did not] have to give a guideline sentence."

The district court sentenced Johnson to concurrent terms of 180 months of imprisonment and concurrent terms of five years of supervised release.

## II. STANDARDS OF REVIEW

We "review the district court's determination of acceptance of responsibility only for clear error." United States v. Amedeo, 370 F.3d 1305, 1320 (11th Cir. 2004). Because "'[t]he sentencing judge is in a unique position to evaluate a defendant's acceptance of responsibility,'" we give that finding "'great deference on review.'" United States v. Moriarty, 429 F.3d 1012, 1022 (11th Cir. 2005) (quoting U.S.S.G. § 3E1.1 cmt. n.5). We review the reasonableness of a criminal sentence for an abuse of discretion. Gall v. United States, 128 S. Ct. 586, 594, 596–97 (2007). "[T]he party who challenges the sentence bears the burden of establishing that the sentence is unreasonable in the light of both [the] record and the factors in section 3553(a)." United States v. Talley, 431 F.3d 784, 788 (11th Cir. 2005).

## III. DISCUSSION

Johnson presents two challenges to his sentence. First, Johnson argues that he was entitled to a downward adjustment for his acceptance of responsibility. Second, Johnson argues that his sentence is unreasonable. We address each issue in turn.

*A. The District Court Did Not Clearly Err By Denying Johnson a Downward Adjustment.*

A defendant may receive a two-level downward adjustment for his acceptance of responsibility for the charged offense. U.S.S.G. § 3E1.1(a). A plea of guilty before trial and truthful admissions about the charged conduct constitutes "significant evidence of acceptance of responsibility[,]" but may be "outweighed by conduct . . . that is inconsistent with such acceptance . . . ." Id. § 3E1.1 cmt. n.1. If a defendant "continues to participate in the conduct that formed the basis of the offense for which he was sentenced . . . [he] is not entitled to a reduction for acceptance of responsibility." United States v. Villarino, 930 F.2d 1527, 1529 (11th Cir. 1991).

The record supports the denial of the downward adjustment. Johnson was apprehended while trafficking in drugs and admitted that, on the same day he was to plead guilty, he accepted a "small sample of marijuana" from another individual. Johnson attempted to elude arrest and was captured when his motorcycle became mired in a ditch. Although Johnson alleged that he accepted the drugs to facilitate a future sting operation, the district court was entitled to find that this argument was incredible. The district court did not clearly err by denying Johnson a downward adjustment for acceptance of responsibility.

*B. Johnson's Sentence Is Reasonable.*

The district court did not abuse its discretion by imposing a sentence below the advisory guideline range. Johnson argues that the district court did not consider the sentencing factors under section 3553(a) or the parsimony principle, but the record refutes this argument. The district court considered Johnson's prior criminal history, contrasted that history with the history of Johnson's codefendant, acknowledged that the guidelines were advisory, and decided to depart from the guideline range and impose a lower sentence. See 18 U.S.C. § 3553(a); Gall, 128 S. Ct. at 597. Johnson's sentence is reasonable.

## IV. CONCLUSION

Johnson's sentence is **AFFIRMED.**