[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 18, 2009
THOMAS K. KAHN
CLERK

_____

No. 08-12261
Non-Argument Calendar
_____

D. C. Docket No. 02-00115-CR-J-32-TEM

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ROBERT MILLS,
a.k.a. Robo,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(June 18, 2009)

Before EDMONDSON, BIRCH and HULL, Circuit Judges.

PER CURIAM:

Defendant-Appellant Robert Mills, a pro se federal prisoner convicted of two drug charges, appeals the denial of his motion for a new trial based on newly discovered evidence, Fed.R.Crim.P. 33(b). No reversible error has been shown; we affirm.

The basis of Mills's motion for a new trial is an immigration document -- an application for a Significant Public Benefit Parole ("SPBP") visa -- filed by the Drug Enforcement Administration ("DEA") on behalf of George Hall, an informant for the DEA. According to Mills, the Government withheld this document; and, had it been disclosed, it would have allowed additional impeachment of DEA Agent Wilson, with whom Hall had worked in the investigation of Mills. Mills argues that the withheld document would have shown that Agent Wilson perjured himself when he testified about how long he had known informant Hall; and undermining Agent Wilson's credibility was critical to Mills's entrapment defense.[1] According to Mills, Agent Wilson was the strongest witness against him. The district court denied the motion.

We first address Mills's argument that the district court's failure to make

---

[1]The jury was deadlocked initially and seemed initially receptive to Mills's entrapment defense. After further deliberation, the jury convicted Mills of both felony drug charges listed in the indictment.

2

specific fact findings precludes us from engaging in meaningful appellate review. While explicit fact determinations are preferred, a district court's failure to make such determinations does not require remand if meaningful appellate review is possible. See United States v. Villarino, 930 F.2d 1527, 1528-29 (11th Cir. 1991) (sentencing context). Here, the district court made no fact findings beyond stating that it considered "all relevant transcripts and other materials;" but the court also presided over Mills's trial and ruled on Mills's other post-trial motions. In the light of the district court's first-hand familiarity with the extensive record, together with our own affirmance of Mills's conviction on direct appeal, the absence of specific fact findings in the district court order denying Rule 33(b) relief does not defeat meaningful appellate review. See United States v. Robertson, 493 F.3d 1322, 1334 (11th Cir. 2007) (when reasonable to do so, appellate court may infer implied factual findings consistent with the judgment under review).

We review the denial of a motion for a new trial based on a Brady violation, Brady v. Maryland, 83 S. Ct. 1194 (1963), for an abuse of discretion. United States v. Vallejo, 297 F.3d 1154, 1163 (11th Cir. 2002). To obtain a new trial based on a Brady violation, a defendant must show these things:

> (1) the government possessed favorable evidence to the defendant; (2) the defendant does not possess the evidence and could not obtain the evidence with any reasonable diligence; (3) the prosecution suppressed the favorable evidence; and (4) had the evidence been

3

disclosed to the defendant, there is a reasonable probability that the outcome would have been different.

Id. at 1164.[2]  Impeachment evidence falls within the Brady rule.  United States v. Bagley, 105 S.Ct. 3375, 3380 (1985).

We cannot say that the district court abused its discretion here because Mills did not demonstrate a Brady violation.  Mills's trial ended on 10 January 2003, but the SPBP visa form that Mills characterizes as withheld in violation of Brady is dated 31 January 2003.  Even if we were to accept that the pertinent document otherwise would be Brady material, the immigration document was unavailable -- it did not exist -- at the time of Mills's trial.

And even if Mills could show that the prosecution suppressed the evidence and the evidence was subject to Brady, he cannot show that, had the evidence been disclosed to him, the outcome of his trial would have been different.  To the extent that Mills sought a new trial based on the impeachment value of the evidence, Mills had an adequate opportunity to cross examine Agent Wilson about the Government's conduct in investigating him.  In an effort to discredit Agent Wilson, Mills focused at trial on Agent Wilson's use of informant Hall without court permission and in violation of the terms of Hall's supervised release.  The

---

[2]"Failure to meet any one of these elements will defeat a motion for a new trial."  United States v. Starrett, 55 F.3d 1525, 1554 (11th Cir. 1995).

4

date discrepancy between when the SPBP visa application indicated that Hall had provided information about Mills -- 1997 -- and when Agent Wilson testified he was approached by Hall about Mills -- 2002 -- provides, at most, cumulative impeachment. See United States v. Schlei, 122 F.3d 944, 991 (11th Cir. 1997) (a court should not grant a motion for a new trial based on newly discovered evidence when that evidence merely is cumulative or impeaching).

Mills suggests that the date conflict bolsters his entrapment defense: the DEA had been working to entrap him since 1997. But no other evidence at trial showed that Hall worked with Wilson as an informant from 1997 to 2002; and the jury otherwise received sufficient evidence to convict Mills, including Hall's testimony about his dealings with Mills, tape-recorded conversations between Mills and Hall, and the testimony of a former cellmate about admissions made to him by Mills. Mills fails to demonstrate that had the document been disclosed to him before trial, a reasonable probability existed that the outcome would have been different. See Bagley, 105 S.Ct. at 3383 (a reasonable probability of a different outcome is one sufficient to undermine confidence in the outcome). In the light of the abundant evidence supporting the charges against Mills, his conviction is still "worthy of confidence." Kyles v. Whitley, 115 S.Ct. 1555, 1566 (1995).

Given the entirety of the record and notwithstanding the district court's lack

of specific findings, we see no abuse of discretion in the district court's denial of Mills's motion for a new trial.

AFFIRMED.