[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-10253
Non-Argument Calendar
_____

D.C. Docket No. 1:08-cr-00008-SPM-GRJ-2

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

SHELTON WARREN MORRIS, JR.,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida
_____
(November 30, 2012)

Before CARNES, MARCUS, and WILSON, Circuit Judges.

PER CURIAM:

Shelton Morris, Jr. appeals his statutory maximum sentence of 36 months

imprisonment, imposed following the revocation of his supervised release under 18

U.S.C. § 3583(e)(3).  Morris challenges the adequacy of the district court's

articulated findings, the accuracy of its sentencing guidelines calculations, and the overall procedural reasonableness of his sentence.

I.

In July 2008, Morris pleaded guilty to armed bank robbery, in violation of 18 U.S.C. § 2113(a) and (d), and was sentenced to 22 months in prison to be followed by 5 years of supervised release. As a condition of his supervised release, Morris was required to abstain from committing any additional federal, state, or local offenses. Nevertheless, while serving his term of supervision, Morris was arrested in Florida on charges of domestic battery, felony battery, and obstruction of justice, all of which stemmed from an incident involving his girlfriend, Stacie Ruth Johns. The arrest report recounted a violent altercation between Morris and Johns, which purportedly involved Morris striking her with his fists and a telephone cord, choking her, and then physically restraining her so that she could not call the police. Based on the offenses outlined in the arrest report, Morris' probation officer filed a petition to revoke his supervised release.

After the petition was filed, Morris was charged by information in state court with (1) domestic battery by strangulation, (2) aggravated battery with a deadly weapon, and (3) tampering with a witness, victim, or informant. Morris pleaded nolo contendere to the witness-tampering count and state prosecutors dismissed the remaining charges.

2

Following the termination of the state proceedings, Morris' probation officer prepared a "dispositional report," notifying the district court about his conviction for witness tampering, a first-degree felony, and calculating the applicable sentencing guidelines range. The probation officer classified the offense as a Grade A violation under U.S.S.G. § 7B1.1(a)(1) because it was a "crime of violence" punishable by more than one year in prison. Coupled with Morris' criminal history category of II, the Grade A violation yielded an advisory guidelines range of 15 to 21 months imprisonment. Because Morris' original federal offense was a Class B felony, the statutory maximum sentence that could be imposed upon revocation of his supervised release was 3 years in prison. See 18 U.S.C. § 3583(e)(3).

At his revocation hearing, Morris admitted to violating the terms of his supervised released by committing the Florida offense of witness tampering. Based on that admission, the district court revoked his supervised release and proceeded to sentencing. The court explained that Morris' guidelines range for the violation was 15 to 21 months imprisonment, though it had the authority to impose a maximum term of 3 years. Morris objected that it was not necessarily clear, based solely on the language of Florida's witness-tampering statute and the charging information, whether his offense constituted a crime of violence and, thus, whether it qualified as a Grade A or Grade B violation for purposes of calculating his guidelines range.

3

In response, the government suggested that the witness-tampering offense qualified as a Grade A violation because it was a first-degree felony, and also sought to introduce copies of the state information and arrest report to demonstrate the violent nature of the offense. The district court admitted both documents over Morris' objection that, under Shepard v. United States, 544 U.S. 13, 125 S.Ct. 1254 (2005), they could not be relied upon in determining whether his state offense amounted to a crime of violence. The government then requested an upward variance from the guidelines range based on the violent nature of Morris' conduct and the fact that he committed a first-degree felony while serving his term of supervised release.

Without making an express determination about the violation grade or explicitly overruling Morris' objection on this point, the district court concluded that a statutory maximum sentence of 3 years was appropriate given the seriousness of the offense and the need to protect the public, to afford adequate deterrence, and to provide just punishment. In imposing sentence, the court explained that it had carefully considered the parties' arguments and the sentencing factors set forth in 18 U.S.C. § 3553(a), including the applicable guidelines range.

## II.

Morris contends that the district court erred in failing to make specific findings concerning the applicable violation grade and guidelines range, failing to

4

rule on his objection that his witness-tampering offense should be classified as a Grade B violation under the guidelines, and failing to give an adequate explanation for imposing an upward variance to the statutory maximum.  He further argues that the record does not support a finding that his offense was a crime of violence warranting a Grade A classification.[1]  Morris maintains that these alleged errors and omissions also render his sentence procedurally unreasonable.

We review the procedural reasonableness of a sentence under an abuse of discretion standard, though "the degree of deference that is due varies with the type of procedural error alleged."  United States v. Register, 678 F.3d 1262, 1265 (11th Cir. 2012) (quotation marks omitted).  Accordingly, we review de novo a district court's application of the sentencing guidelines, and its factual findings for clear error.  Id.  We may, however, affirm a sentencing determination on any ground supported by the record.  United States v. Acuna-Reyna, 677 F.3d 1282, 1284 (11th Cir. 2012).

When reviewing the procedural reasonableness of a sentence, we must ensure "that the district court committed no significant procedural error, such as

---

[1] Morris also contends that, under Shepard v. United States, the district court improperly relied on the charging information and arrest report in concluding that his state offense qualified as a Grade A violation.  Shepard, however, concerned the types of materials that courts could examine in determining whether a prior conviction qualifies as a violent felony for purposes of the Armed Career Criminal Act, see 554 U.S. at 16, 125 S.Ct. at 1257, and we have yet to conclusively decide in a published opinion whether its holding applies to revocation proceedings. We need not resolve the issue in this case because, as will be discussed, Morris' offense qualified as a Grade A violation regardless of whether it constitutes a crime of violence.

5

failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence—including an explanation for any deviation from the Guidelines." Gall v. United States, 552 U.S. 38, 51, 128 S.Ct. 586, 597 (2007).  A district court, however, is not required to state that it has explicitly considered each of the § 3553(a) factors or discuss them specifically.  United States v. Scott, 426 F.3d 1324, 1329 (11th Cir. 2005).  A district court's acknowledgement that it considered the defendant's arguments and the § 3553(a) factors is sufficient explanation for a particular sentence.  Id.

We have also recognized that, to facilitate appellate review and avoid unnecessary remands, a district court should make explicit legal and factual findings in support of a sentencing decision.  United States v. Bradley, 644 F.3d 1213, 1293 (11th Cir. 2011); United States v. Villarino, 930 F.2d 1527, 1528–29 (11th Cir. 1991).  In addition, a district court must rule on any disputed sentencing issues or determine that such a ruling is unnecessary because it will not affect sentencing.  Fed. R. Crim. P. 32(i)(3)(B).  However, a district court's summary disposition of a dispute and failure to make specific findings will not preclude meaningful appellate review where its sentencing determinations are based on

clearly identifiable information in the record.  See Bradley, 644 F.3d at 1293;

Villarino, 930 F.2d at 1529.

Although the district court did not make an express finding concerning the

applicable violation grade or explicitly overrule Morris' objection that his witness-

tampering offense should be classified as a Grade B violation, its findings are

sufficient to permit meaningful appellate review of its sentencing determinations.

The court calculated a guidelines range of 15 to 21 months imprisonment, which

was consistent with the probation officer's conclusion that the witness-tampering

offense qualified as a crime of violence warranting a Grade A classification, and it

never deviated from this initial calculation.  Under the circumstances, we find it

sufficiently clear from the record that the district court tacitly adopted the findings

set forth in the probation officer's dispositional report, thereby implicitly

overruling Morris' objection.  Moreover, the district court sufficiently explained its

reasons for imposing a statutory maximum sentence of 3 years imprisonment.  The

court stated that it had the considered the parties' arguments and the § 3553(a)

factors, and specifically referenced a number of those factors, including the

seriousness of Morris' offense and the need to afford adequate deterrence, provide

just punishment, and protect the public. [2]  See 18 U.S.C. § 3553(a)(1)-(2).

---

[2] In his counseled brief, Morris does not specifically contend that his sentence was substantively unreasonable.  Consequently, we need not decide whether the extent of the upward variance imposed by the district court was adequately justified by the § 3553(a) factors.  See United States

The only question that remains is whether the district court correctly calculated a guidelines range of 15 to 21 months imprisonment. Chapter 7 of the guidelines, which governs violations of supervised release, recommends sentencing ranges based on the grade classification of a violation and the criminal history category applicable at the time a defendant was originally sentenced to a term of supervision. See U.S.S.G. §§ 7B1.1(a), 7B1.4(a) (2011). Grade A violations include conduct amounting to a "crime of violence" that is punishable by more than one year in prison and any other offense "punishable by a term of imprisonment exceeding twenty years." Id. § 7B1.1(a)(1). Grade B violations, by contrast, encompass all "other federal, state, or local offense[s] punishable by a term of imprisonment exceeding one year." Id. § 7B1.1(a)(2). A defendant with a criminal history category of II is subject to an advisory guidelines range of 15 to 21 months imprisonment for a Grade A violation, and 6 to 12 months for a Grade B violation. Id. § 7B1.4(a).

Even assuming that the district court improperly classified Morris' offense as a crime of violence, any error in this respect was harmless for two independent reasons. As a general principle, we are not required to vacate a sentence if it is likely that, despite a guidelines error, "the district court would have imposed the same sentence." United States v. Kapordelis, 569 F.3d 1219, 1314 (11th Cir.

v. Jernigan, 341 F.3d 1273, 1283 n.8 (11th Cir. 2003) (noting that claims or issues that are not clearly raised on appeal are deemed waived).

2009).  By varying upward to the statutory maximum sentence in this case, the district court indicated its intention to give Morris the longest sentence that it could and, thus, any error it may have committed was harmless.  See id. at 1314–15 (holding that a guidelines error was harmless where the district court, by varying upward to statutory maximum, indicated its intention to give the defendant the greatest sentence that it could).

More fundamentally, the district court properly classified Morris' offense as a Grade A violation and correctly calculated a guidelines range of 15 to 21 months imprisonment.  Regardless of whether the witness-tampering offense qualifies as a crime of violence, the record shows that it was a first-degree felony, which is punishable under Florida law by a term of imprisonment of up to 30 years.  See Fla. Stat. § 775.082(3)(b).  Based solely on the fact that the offense was punishable by more than 20 years in prison, Morris' state conviction qualifies as a Grade A violation under the guidelines.  See U.S.S.G. 7B1.1(a)(1)(b).  Because Morris has failed to demonstrate that his sentence was procedurally unreasonable, we affirm.

**AFFIRMED.**

9