[DO NOT PUBLISH]


IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-12644
Non-Argument Calendar
_____

D.C. Docket No. 8:13-cr-00592-SDM-AEP-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MATTHEW ANILLO MANGO,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(January 20, 2016)

Before ED CARNES, Chief Judge, WILSON and ROSENBAUM, Circuit Judges.

PER CURIAM:

Matthew Anillo Mango appeals from his 120-month sentence, imposed after

he pleaded guilty to one count of being a felon in possession of ammunition, in

violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2).  He challenges his sentence on two grounds.  Neither is successful.

Mango first challenges the procedural reasonableness of his sentence, contending that the district court erred in declining to apply a downward adjustment for acceptance of responsibility under U.S.S.G. § 3E1.1.  We review the district court's determination of acceptance of responsibility for clear error.  United States v. Moriarty, 429 F.3d 1012, 1022 (11th Cir. 2005).  Under that standard, "we will not set aside a district court's determination that a defendant is not entitled to a § 3E1.1 adjustment unless the facts in the record clearly establish that the defendant has accepted responsibility."  Id. at 1022–23.  "The defendant bears the burden of clearly demonstrating acceptance of responsibility and must present more than just a guilty plea."  Id. at 1023 (quotation marks omitted).

The district court declined to apply a downward adjustment for acceptance of responsibility based largely on Mango's post-offense conduct.  Mango absconded from pretrial services, failed to appear at his sentencing hearing, and engaged in other criminal conduct.  Mango responds that he demonstrated acceptance of responsibility by pleading guilty without a plea agreement.  He asserts that he did not abscond to escape punishment, but to attend to his ill daughter's medical care.  That explanation does not overcome the great deference we owe to the district court's determination.  See United States v. Villarino, 930

F.2d 1527, 1530 (11th Cir. 1991) ("Because the district court is in a unique position to evaluate a defendant's acceptance of responsibility, the sentencing judge's determination is entitled to great deference on review and should not be disturbed unless it is without foundation.") (quotation marks omitted).  In light of Mango's post-offense conduct, the district court did not clearly err in determining that he had not accepted responsibility and declining to apply a downward adjustment as a result.

Mango next contends that the district court violated his constitutional right to due process by potentially relying on a misimpression.  Specifically, he asserts that the court was under the mistaken belief that he had entered into a plea agreement, thereby deriving something in return for pleading guilty, which may have influenced the court's denial of a downward adjustment for acceptance of responsibility.  We review de novo a constitutional challenge to a sentence.[1] United States v. Ghertler, 605 F.3d 1256, 1268 (11th Cir. 2010).  To prevail on an argument that the district court relied on erroneous information, the defendant must establish that false information "actually served as the basis for the sentence." Id. at 1269.  The defendant "bears the burden of showing that the court explicitly relied on the information." Id. (quotation marks omitted).  Although Mango

---

[1] The government contends that we should review only for plain error because Mango did not present his constitutional challenge to the district court.  Because we find that Mango's argument fails even under de novo review, we do not address whether the plain error standard applies.

3

acknowledges that our precedent requires a showing of actual reliance, he invites us to consider the issue en banc, to recede from our precedent, and to adopt the Second Circuit's more lenient approach.

Even if Mango is correct that the district court mistakenly believed that a plea agreement existed, he has failed to show that the court actually and explicitly relied upon that belief in reaching its sentencing decision. The court identified a number of considerations and factors that were relevant to its decision. None of them included the belief that the guilty plea had been part of a plea agreement. Because Mango's assertion that the court may have relied on that mistaken belief is mere speculation, he has failed to show constitutional error. We decline his invitation to depart from our prior precedent. See United States v. Vega-Castillo, 540 F.3d 1235, 1236 (11th Cir. 2008) ("Under the prior precedent rule, we are bound to follow a prior binding precedent unless and until it is overruled by this court en banc or by the Supreme Court.") (quotation marks omitted).

**AFFIRMED.**

4