**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Timothy S. BRUMLIK, Defendant–
Appellant.**

Nos. 90–3419, 90–3547
Non–Argument Calendar.

United States Court of Appeals,
Eleventh Circuit.

Nov. 22, 1991.

Robert F. Clark, Clark, Deen & Copeland, P.C., Mobile, Ala., for defendant-appellant.

Ronald Hayward, Asst. U.S. Atty., James G. Glazebrook, Asst. U.S. Atty., Orlando, Fla., for plaintiff-appellee.

Before FAY and ANDERSON, Circuit Judges, and JOHNSON, Senior Circuit Judge.

PER CURIAM:

Pursuant to a formal plea agreement, Timothy S. Brumlik, the appellant in this case, entered a plea of guilty to money laundering in violation of 18 U.S.C.A. § 1956(a)(3)(B). In the plea agreement, the defendant agreed to cooperate fully with the government and to testify before any United States District Court proceeding or federal grand jury in connection with the case. The plea agreement also included that if defendant (now appellant) cooperated completely prior to sentencing, "the government agrees to consider whether such cooperation qualifies as 'substantial assistance' pursuant to 18 U.S.C.A. § 3553(e)." Pursuant to this agreement, the United States recommended that Brumlik receive a two-level downward adjustment for acceptance of responsibility. Upon inquiry by the court, the United States advised that it had not filed a motion reflecting "substantial assistance." At no time did Brumlik's lawyers seek a downward departure on the grounds that Brumlik had given "substantial assistance." Brumlik raised no challenge to the government's good faith in not filing a motion requesting a downward departure and in not requesting a sentence at the lower end of the guidelines range. The court accepted the plea agreement and then sentenced Brumlik to imprisonment for a term of 48 months, followed by supervised release for a term of three years, and ordered him to pay a fine of $75,000.00, to pay the costs of his incarceration and supervised release, to pay a special assessment of $50.00 and to forfeit to the United States his interest in certain specified assets alleged to have a value of approximately $400,000.00.

A defendant may appeal his sentence only if it was imposed (1) in violation of the law, (2) as a result of a misapplication of the guidelines, (3) as an upward departure from the guidelines or (4) for an offense for which there is no guideline and the sentence is plainly unreasonable. 18 U.S.C.A. § 3742(a). A sentencing judge's refusal to make a downward departure from the sentencing guidelines range therefore is not reviewable. *United States v. Alamin*, 895 F.2d 1335, 1337 (11th Cir.), *cert. denied*, — U.S. —, 111 S.Ct. 196, 112 L.Ed.2d 158 (1990); *United States v. Castellanos*, 904 F.2d 1490, 1497–98 (11th Cir.1990); *United States v. Fossett*, 881 F.2d 976, 979 (11th Cir.1989).

In this case, Brumlik signed a written plea agreement acknowledging that the determination as to whether he had provided "substantial assistance" rests solely with the government and that Brumlik cannot challenge that decision on appeal or by collateral attack. In this case Brumlik failed to ask the district court for a downward departure based on "substantial assistance" and raises for the first time on this appeal his claims that the prosecutor acted in bad faith for not moving for a downward departure, that his right to substantive due process was violated and that he is entitled to specific performance of his plea agreement.

The record in this case reflects that the district court properly sentenced Brumlik within the applicable guideline in the

**914**

absence of a government motion for a downward departure based on "substantial assistance." Brumlik's contention on this appeal that the district court, on its own, should have awarded him a downward departure based on "substantial assistance" is without merit. Without a motion by the government seeking a downward departure, the law prohibits a district court from departing from the guidelines on the ground of substantial assistance. *United States v. Alamin*, 895 F.2d 1335, 1337 (11th Cir.), *cert. denied,* — U.S. —, 111 S.Ct. 196, 112 L.Ed.2d 158 (1990). There is no merit to Brumlik's appeal in this case. The judgment of the district court is AFFIRMED.