[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 17-13790
Non-Argument Calendar

_____

D.C. Docket No. 0:13-cr-60258-WJZ-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MICHAEL ALI BRYANT, SR.,

Defendant-Appellant.

_____

Appeals from the United States District Court
for the Southern District of Florida

_____

(June 15, 2018)

Before MARCUS, WILLIAM PRYOR and ANDERSON, Circuit Judges.

PER CURIAM:

Michael Ali Bryant, Sr., appeals the district court's denial of his motion to

compel the government to file a Fed. R. Crim. P. 35 motion to reduce his sentence.

On appeal, Bryant argues that: (1) the government negotiated in bad faith when it told him that it would file a Rule 35 motion if he testified truthfully at a trial and then considered factors beyond his testimony when deciding not to file a Rule 35 motion; and (2) the government's decision not to file a Rule 35 motion was not rationally related to the legitimate government end of promoting truthful testimony because there was no empirical evidence showing that he testified untruthfully. After careful review, we affirm.

We review de novo whether the district court may compel the government to make a substantial assistance motion.  See United States v. Forney, 9 F.3d 1492, 1498 (11th Cir. 1993) (reviewing de novo a district court's refusal to depart downward in the absence of a U.S.S.G. § 5K1.1 motion by the government); United States v. Mahique, 150 F.3d 1330, 1332 (11th Cir. 1998) (reviewing de novo the question of whether the government has breached a plea agreement).

The government has a power, but not a duty, to file a substantial assistance motion.  United States v. Dorsey, 554 F.3d 958, 960-61 (11th Cir. 2009).  The prosecutorial discretion to refuse to file a substantial assistance motion is subject to judicial review only if it is based on an unconstitutional motive, such as the defendant's race or religion, or is not rationally related to any legitimate government end.  Wade v. United States, 504 U.S. 181, 185-86 (1992) (discussing motions under § 5K1.1); see United States v. McNeese, 547 F.3d 1307, 1309 (11th

2

Cir. 2008) (extending <u>Wade</u> to Rule 35(b) motions). Judicial review is appropriate where the defendant alleged a constitutionally impermissible motive <u>and</u> made a substantial showing that the government's refusal to file a substantial assistance motion is because of that motive. <u>Dorsey</u>, 554 F.3d at 961. Consequently, when a defendant merely claims he provided substantial assistance or makes generalized allegations of improper motive, he is not entitled to a remedy or even to an evidentiary hearing. <u>Wade</u>, 504 U.S. at 185-86. Thus, for example, in <u>Wade</u>, the Supreme Court said that the defendant had not made an adequate claim that the government's decision was not rationally related to legitimate ends. <u>Id</u>. at 186-87. The Court held that it was necessary, but not sufficient, for a defendant to show he in fact provided assistance, and that a defendant claiming that the government acted in bad faith must point to specific facts showing that the government's decision was not rationally related to legitimate government ends. <u>Id</u>.

We've noted that the government's decision not to file a substantial assistance motion is not reviewable for arbitrariness or bad faith where the government merely promised to consider filing such a motion. <u>See</u> <u>Forney</u>, 9 F.3d at 1502 & n.5. But we've also recognized that there may be a bad faith exception where the government has induced a defendant to plead guilty based on a promise to file, rather than to consider filing, a substantial assistance motion. <u>See id</u>. at 1502 n.5. Neither we nor the Supreme Court has directly addressed when the

3

government's decision not to file a Rule 35 motion would not be rationally related to legitimate government ends.

Here, Bryant argues that the government acted in bad faith when it said in an e-mail exchange that his truthful testimony to introduce a videotape -- which showed him selling names and Social Security numbers -- would be sufficient to warrant a Rule 35 motion, but then decided not to move based on its dissatisfaction with his truthful testimony. He also claims that the government's decision not to move based on its dissatisfaction with his testimony was not rationally related to the legitimate government end of promoting truthful testimony. Bryant focuses on the lack of empirical support for the government's proffered explanation for its decision, specifically noting that the magistrate judge credited his testimony as truthful. But this finding suggests only that the government was objectively incorrect in stating that Bryant testified untruthfully, not that the government subjectively did not believe that his testimony was untruthful or that the government actually acted with some other improper motivation. Notably, the magistrate judge here did not find that the government's proffered reason for not filing a Rule 35 motion was pretextual. Instead, when the magistrate judge found that the government's belief that Bryant testified untruthfully was based on factors beyond his trial testimony, it said it was based at least in part on its dissatisfaction with Bryant's prior cooperation. Thus, as the district court determined, the

4

government's belief was rational in light of those other factors -- including Bryant's previous conduct when cooperating with the government, his history as a fraudster, his phone records, and the inconsistencies between his PSI and his trial testimony -- all of which arguably were indicia of his reliability of as a witness.

Further, Bryant has not presented any affirmative evidence that the government acted with an improper motive, instead relying on the fact that there was no empirical evidence that he testified untruthfully.[1]    Because the government's decision was based on factors related to Bryant's reliability as a cooperating witness, the government's motivation was rationally related to the government's undisputedly legitimate interest in promoting truthful testimony.

As for his reliance on United States v. Brumlik, 947 F.2d 912 (11th Cir. 1991), and Forney, we did not review the defendants' arguments in those cases that the government had acted in bad faith by failing to make a substantial assistance motion at sentencing, because the defendants had not raised this argument in the district court.  Forney, 9 F.3d at 1500; Brumlik, 947 F.2d at 913-14.  Indeed, Brumlik did not discuss at all the potential viability of a preserved bad faith argument.  See 947 F.2d at 913-14.  As for the panel in Forney, it noted in dicta

---

[1]    Bryant has not alleged that the government's decision not to file a substantial assistance motion was based on his membership in a protected class, such as a race or religion.  Further, Bryant does not argue that promoting truthful testimony is not a legitimate government end.  He also does not argue that the government's proffered reason for its decision -- that it believed that his testimony was untruthful -- was not rationally related to the legitimate end of promoting truthful testimony.  Bryant further concedes that the government did not create a new, separate contractual obligation apart from his plea agreement in the e-mail exchange with his counsel.

that judicial review only was appropriate to review allegations of unconstitutional motivations and that mere allegations of bad faith were insufficient to warrant review. 9 F.3d at 1501-02 & n.5. Bryant's bad faith argument is not premised on an unconstitutional motive such as race or religion or a government promise to file a Rule 35 motion in order to induce a guilty plea. See id. Thus, Bryant is incorrect in relying on these cases to argue that his claim that the government acted in bad faith is subject to judicial review.

Accordingly, the district court did not err in determining that Bryant was not entitled to an order compelling the government to file a Rule 35 motion.

**AFFIRMED**.